497 So.2d 29 (1986)
STATE of Louisiana
v.
Louis E. BROWN.
No. 86-KA-243.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1986.
*30 John M. Mamoulides, Art Lentini, Dorothy A. Pendergast, Office of Dist. Atty., Gretna, for plaintiff-appellee.
Philip E. O'Neill, Gretna, for defendant-appellant.
Before KLIEBERT, GAUDIN and DUFRESNE, JJ.
GAUDIN, Judge.
Appellant Louis E. Brown was convicted of armed robbery, LSA-R.S. 14:64, and sentenced to five years at hard labor without benefit of parole, probation or suspension of sentence. Brown waived a jury and received a bench trial.
He assigns, on appeal, these district court errors:
(1) The evidence did not support a verdict of guilty as charged,
(2) The trial judge erred in finding him guilty even though the prosecution had failed to impeach either his testimony or that of other defense witnesses,
(3) It was error for Brown's picture to be included in a prejudicial photographic lineup, and
(4) The trial judge erroneously failed to grant a new trial despite the fact that Brown, subsequent to conviction, had submitted to and allegedly passed a voice stress analysis test.
We have considered these assignments of error and find none with sufficient substance requiring a reversal. There are no errors patent. Brown's conviction and five-year sentence, the statutory minimum, are affirmed.

ASSIGNMENT NO. 1

AND

ASSIGNMENT NO. 2
Citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Byrd, 385 So.2d 248 (La.1980), and LSA-C.Cr.P. art. 821, Brown argues that a rational trier of fact, given the most favorable inference to every fact proven by the State, could not have found him guilty beyond a reasonable doubt.
Brown, accompanied by another man, was charged with entering a Time Saver store on July 16, 1982 armed with a pistol and robbing the store manager of $122.00 after holding the weapon to her head and pulling back the hammer. Brown and the other person then fled.
Both the manager and assistant manager, who was also in the store when the robbery occurred, positively identified Brown at trial. The assistant manager testified that approximately a week prior to the crime, Brown had been in the store inquiring about security devices and the Time Saver safe.
Brown's witnesses, in addition to himself, were his mother, father and girlfriend. Brown said that he did not rob the store, that he did own clothes similar to that described by the two victims, particularly a white T-shirt, and that he had always worn his hair in a short bush, not a so-called "jerri-curl" which the victims described the robber as having.
Also, Brown displayed a tattoo on his left arm, a one-by-three-inch tattoo of "Louis," which he submits would have been clearly visible had he been wearing a short-sleeved shirt. Neither victim testified about any tattoo. The failure of the victims to observe and report the tattoo, Brown urges, weighs heavily in his favor.
Also to his advantage, Brown asserts, is the fact that the testimony of the manager and assistant manager was not 100 per cent similar. For example, the victims differed in their testimony regarding a stud earring. One victim placed the earring in the robber's left ear; the other victim wasn't so precise.
There was, however, enough similarity in the identifications to cause the trial judge to say that "... the defendant was properly identified, and that he was the robber." Concerning Brown's witnesses, the trial judge found them "biased."
*31 Both the manager and assistant manager had the opportunity to observe the robber, who wore neither a hat nor a mask. Both victims gave positive, straightforward testimony at trial. As stated in State v. Richardson, 425 So.2d 1228 (La. 1983), it is not the function of the appellate court to evaluate the credibility of witnesses and to overturn factual determinations.
Brown further contends that the State did not present any physical evidence linking him to the robbery. The production of a weapon, or other physical evidence, is not paramount in an armed robbery prosecution providing the State's witnesses can otherwise establish, by their observations at the crime scene, all elements of the offense charged beyond a reasonable doubt, including the fact that an alleged armed robber did have and make use of a dangerous weapon. See State v. Rash, 444 So.2d 1204 (La.1984).
Here, reviewing the evidence as required by Jackson v. Virginia, supra, there was sufficient testimony for the trier of fact to conclude that the necessary elements of armed robbery had been proven beyond a reasonable doubt, i.e., that Brown was correctly identified, that he was armed with a pistol and that he did take something of value after threatening the cashier with the handgun.

ASSIGNMENT NO. 3
In this assignment of error, Brown says that his picture was included in a prejudicial photographic lineup. The trial transcript does not indicate that any photographic lineup was introduced; nor is there even a reference, by either the prosecutor or defense counsel, to any pretrial identification procedure in which photographs were used.
Under these circumstances, there is nothing for appellate review.

ASSIGNMENT NO. 4
At a bond hearing following trial, a voice stress analyst, Ronald F. Lauland, testified that Brown had taken and passed a voice stress analysis test. Lauland said that, in his opinion, Brown had not robbed the Time Saver store. Because of the analyst's testimony, appellant moved for a new trial.
In State v. Catanese, 368 So.2d 975 (La. 1979), the Supreme Court of Louisiana stated that a trial judge may, within his discretion, consider polygraph evidence at post trial proceedings. After listening to Lauland, the trial judge noted that "... two ladies in court pointed their finger at the defendant ..." and that their testimony had been "positive."
We cannot say that it was error or beyond the trial judge's discretionary scope to deny Brown a new trial. We affirm his conviction and sentence.
AFFIRMED.