570 So.2d 234 (1990)
STATE of Louisiana
v.
Michael CARTER.
No. 90-KA-349.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
*235 Harold A. Buchler, Jr., Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Peter O. Cola, New Orleans, for defendant/ appellant.
Before CHEHARDY, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This is an appeal from a conviction of armed robbery and a ninety-nine year sentence.
The defendant, Michael Carter, was charged by bill of information filed on May 2, 1989 with two counts of armed robbery, LSA-R.S. 14:64. He pled not guilty at arraignment on May 31, 1989 and proceeded to trial on September 12, 1989 on count two. At the conclusion of trial the jury returned a verdict of guilty as charged; a motion for new trial was denied. On January 23, 1990 the court sentenced the defendant to ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence.
On March 20, 1989, at around 10:00 p.m., Rene Campbell was attempting to deliver a pizza order to 733 Carolwood Village, apartment 105. He parked his car in front of the office for the building and began looking for the apartment. Campbell saw two males conversing outside; one walked away, while the other stayed and asked what apartment he was looking for. The man directed him to an apartment that he later found to be vacant. The man moved next to him and said that the apartment was that of his friend, John James. The pizza order was for "James Jones."
At trial Campbell described the attack:
... [B]efore I knew what was happening, he was behind me and he had hold of me somehow, my armI think he was holding my arm and with his right hand, he had a knife in my back.
He was saying like, "Come on. Come on. Come on. Get down. Get down. Get down." So I got on the ground and immediately I startedI started begging for my life `cause I wasat this point I wasI was very scared. I thought he was going to kill me. And I was laying on the ground and and heI started emptying my pockets. I tookthere was awe have a bank bag that had the twenty one dollar bills in it, and I didn't take my wallet out because I didn't want to lose my license....
... And hewell, he took it anyway. And I got up and he still washe was constantly yelling at me to empty my pockets and the only thing that was left in my pockets were the keys to my car. So I got itI reached into my pockets and I threw the keys out on the gound and he was standingwe were standing facing one another and the personthe *236 other person who was involved was behind me....
Campbell was then told to pick up his keys and leave. He did so and ran, then returned to the store and called the police.
The defendant presented the following assignments of error:
1. The trial court improperly restricted appellant's right to present a defense.
2. The trial court imposed an excessive sentence.
3. Also assigned as error are any and all errors patent on the face of the record.
A fourth assignment of error was made in the supplemental brief filed by defendant's new counsel:
4. The trial court erred in failing to quash the photographic identification of defendant.
Assignment of Error Number One: restriction of appellant's right to present a defense.
The defendant contends that the trial court erred in prohibiting him from testifying as to his receipt of worker's compensation benefits. Defendant alleges that the testimony was relevant and would have negated an economic motive to commit the crime. It also would have corroborated his defense of misidentification, by buttressing the credibility of testimony regarding the defendant's having worn a cervical collar at all times, while the perpetrator was not described as wearing one.
An accused has a constitutional right to present a defense. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); State v. Hamilton, 441 So.2d 1192 (La.1983); La. Const. Art. I, Section 16 (1974). However, this right does not require a trial court to permit the introduction of evidence that is irrelevant or which has so little probative value that is substantially outweighed by other legitimate considerations in the administration of justice. State v. Ludwig, 423 So.2d 1073 (La.1982).
LSA-C.E. art. 401 provides: "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Since the state presented direct evidence of the crime, economic motive was of no consequence to the crime; consequently, the excluded testimony was irrelevant as it concerned such fact. The excluded testimony was also irrelevant as it concerned corroborating the defense of misidentification. The testimony would have established only that the defendant received worker's compensation benefits and not that he wore a cervical collar.
The victim testified at trial that he picked out the defendant's picture from four books of pictures of black males at the sheriff's headquarters on the day after the incident. A month later he identified the defendant from a photo lineup of six black males who closely resembled each other. He saw him face to face in a well lit area for several minutes and had no doubt that the defendant was the perpetrator. Accordingly, we conclude that the exclusion of the evidence did not contribute to the defendant's conviction.
Assignment of Error Number Two: excessiveness of sentence.
The Louisiana Constitution in Article 1, Section 20[1], prohibits the imposition of excessive punishment. Even a sentence within the prescribed statutory limit may violate a defendant's constitutional right against excessive punishment. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5th Cir. 1988), writ denied, 523 So.2d 1320 (La. 1988). A sentence is considered unconstitutionally excessive if it is grossly out of proportion to the severity of the offense or is nothing more than a needless and purposeless *237 imposition of pain and suffering. State v. Ratcliff, 416 So.2d 528 (La.1982).
In reviewing a sentence for excessiveness this court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. State v. Davis, 449 So.2d 452 (La.1984); State v. Lynch, 512 So.2d 1214 (La.App. 5th Cir. 1987). A sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Davis, supra; State v. Lynch, supra.
Sentences must be individualized to be compatible with the offenders as well as the offense. State v. Robicheaux, 412 So.2d 1313 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). To ensure that the sentence imposed on an offender is tailored to the particular offense, the trial court is required to specify the aggravating and mitigating circumstances considered in imposing sentence. State v. Trahan, 412 So.2d 1294 (La.1982). However, the judge need not articulate every factor he considered as long as the record reflects that he considered sufficiently the guidelines of LSA-C.Cr.P. art. 894.1 in imposing the particular sentence. State v. Trahan, supra; State v. Accardo, 466 So.2d 549 (La.App. 5th Cir. 1985), writ denied, 468 So.2d 1204 (La.1985).
At the sentencing hearing the trial judge indicated that he had reviewed defendant's pre-sentence investigation report. The judge then considered the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
The court found that the defendant was in need of correctional treatment and a lesser sentence would deprecate the seriousness of the crime. The judge determined that the defendant caused and threatened serious harm, and there were no grounds tending to excuse defendant's actions.
While the judge considered as mitigating circumstances that the defendant had finished the eleventh grade and had no juvenile record, he determined that the defendant had a history of prior criminal activity in that he had felony convictions of possession of cocaine with intent to distribute and attempted simple burglary, for which he was granted probation. The court was of the opinion that the circumstances that caused his conduct were likely to recur.
The judge noted that the defendant was unmarried and had no children for whom his imprisonment would cause excessive hardship.
He concluded that the threats to the victim's life and property and the use of the weapon in the crime were aggravating circumstances that justified the maximum sentence.
When reviewing a judge's sentencing the court should consider three factors: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, supra.
The defendant committed an armed robbery, a violent and dangerous crime, strongly condemned by our legislature. The statutory provision denying the opportunity for probation or parole in addition to the lengthy maximum sentence reflects the severity of the punishment the legislature expects to be imposed for the offense.
A review of the jurisprudence indicates that the maximum sentence for armed robbery has been upheld.
In State v. Douglas, 389 So.2d 1263 (La. 1980), the defendant, who had a criminal history which included three prior felony convictions, pushed a pistol into the victim's stomach and entered the victim's house after the victim had opened the door. The defendant then ordered the victim to give him his money whereupon the victim handed over his wallet. The victim was not injured. The Supreme Court affirmed the ninety-nine year sentence, finding no abuse of the trial court's discretion.
In State v. James, 545 So.2d 560 (La. App. 4th Cir.1989), writ denied, 551 So.2d *238 618 (La.1989), a defendant with three prior felony convictions was convicted of armed robbery and sentenced to ninety-nine years. The defendant along with a co-defendant robbed the victim as she exited her car. The defendant held an automatic handgun pointed at the victim and demanded her money, to which she acquiesced. The defendant next asked her if she had any jewelry then reached down and patted her from the neck down to the waist. She was ordered to lie down on the sidewalk; thereafter, the co-defendant pushed down on her shoulder. The two defendants then fled when the victim's friend emerged from his nearby residence and called her name. The Supreme Court found no abuse of discretion in the sentencing.
In State v. Williams, 482 So.2d 1090 (La.App. 3rd Cir.1986), a defendant who held up a grocery store was convicted of armed robbery and given the maximum sentence. The appellate court noted that this was his third felony conviction and upheld the sentence, finding no abuse of discretion.
Maximum sentences are appropriately imposed in cases involving the most serious violations of the charged offense and or the worst kind of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982); affirmed after remand, 446 So.2d 1210 (La. 1984); State v. Jones, supra. Defendant contends that the maximum sentence is excessive for a garden-variety armed robbery involving the taking of a couple of pizzas, coke and twenty dollars in cash. While the amount of property taken was minimal in this case, the defendant did place the victim in fear for his life and committed a dangerous crime. As this was defendant's third felony conviction there is no question that he has a propensity for felonious behavior.
In State v. Douglas, supra, at 1267, the Supreme Court said:
This court does not lightly consider the matter of a 99-year sentence imposed without hope of release on parole. There may be sound arguments against the frequent use of such sentences, but these arguments address themselves to the reasoned discretion of the sentencing judge. The function of the reviewing court is not merely to substitute this court's judgment for that of the trial court, but to determine whether the court below manifestly abused its discretion....
We find no such abuse in this case.
Supplemental Assignment of Error Number Four: failure to quash motion to suppress.
The defendant argues that the court erred in denying his motion to suppress the victim's photographic identification.
At the beginning of trial counsel for both sides reviewed for the record stipulations made in a pre-trial conference earlier that day. Counsel for the defendant stated:
Just [to] make sure there's no question about it, I'd like the record to reflect that I have again discussed with the defendant the statement of the victim in this case, Rene Campbell, in which number one, he was shown the six photographs, the six photographs that constituted the photo line-up in the case and I've showed those to the victimI mean to the defendant, and as well as the one which was identified by the victim. And the identity of the shirt that was secured from the defendant's home through execution of the search warrant, as well as the knife, and after discussion of it the defendant understands that theupon my advice, that a motion to suppress in all probability [would] not be successful but that these are things that go to the weight and sufficiency to be given to those particular items of evidence. Or that does not foreclose the possibility of attacking, so to speak, the credibility and the weight sufficiency of those particular items of evidence and those are avenues which are not foreclosed to the defense... in rebuttal of those particular items in the prosecution's case.
It was agreed that defendant's counsel would not pursue the motion to suppress at trial. Consequently, the motion was waived and cannot be reargued upon appeal.
*239 Assignment of Error Number Three: errors patent upon the face of the record.
In addition to the errors discussed above, the defendant asks that this court conduct an errors patent review. La.C.Cr.P. art. 920. Our review of the record reveals no errors patent.
For the reasons assigned above, the conviction and sentence appealed from are affirmed.
AFFIRMED.
NOTES
[1] Louisiana Constitution, Article 1, Section 20 provides: "No law shall subject any person to euthanasia, to torture, or to cruel, excessive, or unusual punishment. Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense."