591 So.2d 791 (1991)
STATE of Louisiana
v.
Curley BROWN.
No. 91-KA-553.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 1991.
*792 R.O. Lewis, Luling, for defendant/appellant.
Harry J. Morel, Dist. Atty., Hahnville, for the State.
Before WICKER, GOTHARD and CANNELLA, JJ.
WICKER, Judge.
The defendant, Curley Brown (Brown), along with Curtis Brown,[1] was charged by grand jury indictment filed April 10, 1989 with armed robbery (La.R.S. 14:64). Brown proceeded to trial on August 29, 1989; however, the trial court declared a mistrial when the jury was unable to return a verdict. The second trial commenced on May 12, 1991, and the following day the jury returned with the responsive verdict of guilty of simple robbery. On May 16, 1991, the trial court sentenced the defendant to five years at hard labor; however, the court suspended the sentence and placed the defendant on active probation for five years subject to the following condition:
Serve two years in parish prison with an allowance to leave the prison one hour before work and return one hour after work provided he remains employed.
*793 Subsequently, the trial court granted defendant an out-of-time appeal on May 30, 1991. We note Brown's probation was revoked June 18, 1991; however, he has not appealed the revocation and we decline to consider the issue at this juncture.
At trial, Officer Akins testified to the following facts.
On the evening of February 24, 1989, Officer Akins and a confidential informant proceeded to Curt's Bar in Killona, Louisiana. Officer Akins was working as an undercover narcotics agent for St. Charles Parish Sheriff's Office and, a confidential informant was assisting him in his investigation of drug trafficking in the Parish.
As the two men drove up in front of the bar they observed four men standing outside. One of the men was the defendant who was known as Bubba. Officer Akins and the informant exited their car and approached the entrance to the bar.
Officer Akins and the defendant engaged in a conversation about drugs during which the defendant indicated that he was dealing crack cocaine for $20.00 a rock. Officer Akins purchased two rocks from the defendant where upon the defendant urged him to "go check out the rocks."
In order to maintain his cover, Officer Akins took the rocks with him while he drove around for 10 minutes thereby suggesting to the defendant that he was smoking the rocks. When he returned to the bar, he informed the defendant, who was standing outside, that the rocks were "some good stuff."
The defendant followed him into the bar. The defendant subsequently requested Officer Akins to step outside with him. There the defendant asked him how long he had known the informant and he replied that he had known him a while; however, the informant had previously told the defendant that he had just met the officer two days ago.
Sensing something was wrong the defendant said "Give me my stuff back." When Officer Akins did not return the rocks of cocaine the defendant produced a small automatic weapon and said "Man, I want my stuff." Thereafter, Officer Akins informed the defendant that he could not return all of the rocks because he had "smoked some" to which the defendant replied "You better give me $40 with a rock." Officer Akins then handed the defendant the two rocks and departed the scene.
The defendant was subsequently arrested after the undercover operation was completed.
In his defense, two character witnesses, his wife and mother, testified that he did not own a handgun. The defendant then took the stand and denied his involvement in the robbery.
On appeal the defendant assigns the following errors:
1. The trial court erred in that there was insufficient evidence to sustain a verdict of guilty of simple robbery.
2. Any errors patent.
The defendant contends that the evidence was insufficient in that the officer's testimony was not credible since neither the gun nor drugs were ever found.
In evaluating the sufficiency of the evidence, the standard to be used by the appellate court is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mussall, 523 So.2d 1305 (La.1988); State v. DiLosa, 529 So.2d 14 (La.App. 5th Cir.1988), writ denied, 538 So.2d 1010 (La.1989).
The defendant was charged with armed robbery and the jury returned the legislatively responsive verdict of simple robbery. La.C.Cr.P. art. 814(A)(22). A jury may return a legislatively provided responsive verdict, whether or not the evidence supports the verdict, as long as the evidence was sufficient to support a conviction of the charged offense absent a contemporary objection. State v. Schrader, 518 So.2d 1024 (La.1988), affirmed denial of writ of habeas corpus, Schrader v. Whitley, 904 F.2d 282 (5th Cir.1990), cert. *794 denied, ___ U.S. ___, 111 S.Ct. 265, 112 L.Ed.2d 221 (1990); State ex rel. Elaire v. Blackburn, 424 So.2d 246 (La.1982); cert. denied, Elaire v. Blackburn, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983).
To support a conviction for armed robbery, the State must prove that there was (1) a taking, (2) of anything of value, (3) from the person of or in the immediate control of another, (4) by use of force or intimidation, (5) while armed with a dangerous weapon. La.R.S. 14:64; State v. Oliver, 526 So.2d 395 (La.App. 4th Cir.1988), writ denied, 532 So.2d 129 (La.1988). The production of a weapon, or other physical evidence, is not paramount in an armed robbery prosecution providing the State's witnesses can otherwise establish, by their observations at the crime scene, all elements of the offense charged beyond a reasonable doubt, including the fact that an alleged armed robber did have and make use of a dangerous weapon. State v. Brown, 497 So.2d 29 (La.App. 5th Cir.1986).
Here, reviewing the officer's testimony in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the defendant committed an armed robbery in that the defendant, while armed with a handgun, took drugs from the officer by threatening him with the gun.
This assignment lacks merit. Accordingly, we affirm the conviction and sentence.
A review of the record reveals the following error patent.
The minute entry and transcript fail to show that defendant was given credit for time served. La.C.Cr.P. art. 880 requires a court, when imposing a sentence, to give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. State v. Richard, 525 So.2d 1097 (La.App. 5th Cir.1988), writ denied, 538 So.2d 609 (La.1989). Therefore, we order the minute entry and commitment be amended to give the defendant credit for time served.
Additionally, the minute entry reflects that defendant is to receive substance abuse treatment while in prison as a condition of probation. However, the sentencing transcript reveals that defendant was only notified of the availability of substance abuse treatment. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Consequently, the condition was not legally imposed and is ordered stricken from the minutes and we order the commitment to be amended accordingly. See State v. Robert, 518 So.2d 1169 (La.App. 5th Cir.1988).
AMENDED AND AS AMENDED AFFIRMED.
NOTES
[1] The armed robbery charge was nolle prosequi as to Curtis Brown on May 25, 1989.