WICKER, Judge.
Marcus Mitchell was convicted by a jury of violation of La.R.S. 40:967 A (distribution of cocaine, two counts) and appeals as being excessive his ten-year sentence on each count, concurrent, with credit for time served. We affirm.
The sentencing range for violation of La. R.S. 40:967 A is not less than five years or more than thirty years at hard labor, with a maximum fine of $15,000.00. La.R.S. 40:967 B(l). Thus, with his conviction on two counts, Mitchell was exposed to the possibility of a sixty-year sentence and a $30,000.00 fine. The judge is required to follow the guidelines of La.C.Cr.P. art. 894.1.
The judge considered the pre-sentencing report which outlined a criminal history: conviction in 1982 of criminal damage to property, convictions of theft by shoplifting and attempted armed robbery in 1989. He has been arrested on numerous occasions which did not result in convictions and has another pending cocaine charge. He is thirty years old and a high school graduate with some college but has been unemployed for years. He claims to be a recovering alcoholic and an active member of his church. Mr. Mitchell is unmarried and has no children. The presentencing report concluded
[Mr. Mitchell] has a history of being with people of disreputable character. He admitted ... he was a pool hustler. [He] has no regards [sic] towards the effect drugs have on our society. It is [my] belief [he] would continue his way of living. Our office recommends [Mr. Mitchell] receive 10 years....
In sentencing Mr. Mitchell the judge noted the undue risk he would commit another crime during a suspended sentence or probation, his need for correctional treatment in an institution, and the likelihood that a lesser sentence would deprecate the seriousness of the offense. The judge listed as aggravating factors Mr. Mitchell’s criminal history, pending cocaine charge, arrest for *1194 armed robbery, violation of previous probation, denial of guilt despite overwhelming evidence, drug and alcohol abuse problems, and the detrimental effect of drugs on society. He believed Mr. Mitchell must have known that selling drugs had harmful consequences, did not act under provocation, has no justification, and was not induced to sell drugs by the victim. The judge believed the circumstances which led to the crime would be likely to occur again and that Mr. Mitchell would probably continue in criminal activity. The judge found no excessive hardship in a jail term, since Mr. Mitchell had neither job nor dependents.
In mitigation the judge considered Mr. Mitchell’s work record, educational background, loss of parental guidance, letters of recommendation, and wise use of prison time.
[T]he Court believes that the aggravating factors in this ease far outweigh the mitigating factors and that the sentence to be imposed herein is justified by the facts of this case, not the least of which is the seriousness of two counts of distribution of cocaine.
We have considered the proportionality of the crime and the punishment, as well as the judge’s wide discretion. State v. Carter, 570 So.2d 234 (La.App.1990) citing State v. Davis, 449 So.2d 452 (La.1984). Although we recognize that this was Mr. Mitchell’s first felony conviction, we do not believe that the judge abused his sentencing discretion by imposing, after considering the guidelines, a sentence at the low end of the sentencing range. We affirm Marcus Mitchell’s sentence of ten years’ imprisonment at hard labor on each of the two counts, to be served concurrently, with credit for time served.
AFFIRMED.