646 So.2d 1144 (1994)
STATE of Louisiana
v.
Gregory COTTON.
No. 94-KA-384.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1994.
*1145 John M. Mamoulides, Dist. Atty. and Terry M. Boudreaux, Asst. Dist. Atty., 24th Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
KLIEBERT, Chief Judge.
Defendant, Gregory Cotton, was convicted by a jury of armed robbery, a violation of LSA-R.S. 14:64. The trial court sentenced him to 20 years at hard labor without benefit of parole, probation, or suspension of sentence. He appeals alleging the evidence was only sufficient to support a conviction of the lesser included offense of first degree robbery. We affirm the jury verdict.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Honore, 564 So.2d 345 (La.App. 5th Cir. 1990); rehearing denied, 569 So.2d 968.
To support a conviction for armed robbery, the State must prove beyond a reasonable doubt (1) a taking (2) of anything of value (3) from the person of another (4) by use of force or intimidation (5) while armed with a dangerous weapon. LSA-R.S. 14:64(A); State v. Brown, 591 So.2d 791, 794 (La.App. 5th Cir.1991). Defendant asserts that the prosecution in his case failed to prove that defendant was armed with a dangerous weapon.
Under LSA-R.S. 14:2(3) the term dangerous weapon "includes any gas, liquid or other substance or instrumentality which, in the manner used, is calculated or likely to produce death or great bodily harm." This court has held that an instrumentality may be considered a "dangerous weapon" not only because of the inherent danger it possesses, but because it is used in a manner likely to cause death or great bodily harm. State v. Munoz, 575 So.2d 848, 850 (La.App. 5th Cir. 1991), writ denied, 577 So.2d 1009. The dangerousness of the instrumentality because *1146 of its use is a factual question for the jury to decide.[1]Id.
Louisiana courts have held many and varied objects to be dangerous weapons for purposes of LSA-R.S. 14:64, including: State v. Johnson, 598 So.2d 1152 (La.App. 1st Cir. 1992), writ denied, 600 So.2d 676 (an ink pen); State v. McMorris, 343 So.2d 1011 (La.1977) (a liquor bottle hidden in a pocket); State v. Clark, 527 So.2d 542 (La.App. 3rd Cir.1988), writ denied, 569 So.2d 977 (La. 1990) (metal sign post); State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984) (a hammer). This Court has held a toy gun to be a dangerous weapon for purposes of armed robbery prosecution if the jury finds that "the interaction between the offender and the victim created a highly charged atmosphere whereby there was a danger of serious bodily harm resulting from the victim's fear for his life." State v. Cittadino, 628 So.2d 251, 255 (La.App. 5th Cir.1993), citing State ex rel. Richey v. Butler, 572 so.2d 1043 (La.1991). The courts have generally held that a mere "hand in the pocket," absent direct evidence of some type of instrumentality, is not sufficient to support an armed robbery conviction. See State v. Gould, 395 So.2d 647 (La.1980); State v. Smith, supra.
In this case, the prosecution did not introduce a weapon at trial. The production of a weapon, however, is not necessary in an armed robbery prosecution where the state's witnesses can establish, through their observations at the crime scene, all the elements of the charge beyond a reasonable doubt, including the existence and use of a dangerous weapon. State v. Brown, supra.
The victim, Stanley Gomez, was the only eyewitness to the crime. He testified the defendant approached him and pressed a hard, sharp object to his side. He testified the defendant told him to look straight ahead and he wouldn't get hurt. Mr. Gomez, thinking defendant had a knife, complied. Defendant then reached into the victim's pocket, took $400.00 and fled in a nearby vehicle.
Defendant testified that he and a woman approached Gomez and solicited him for a prostitution date. They picked his pocket and shared $80.00. He denied the use of a weapon.
In reviewing the record under the Jackson standard, we find the prosecution submitted sufficient evidence to support the armed robbery conviction. Simply because the victim did not see a dangerous weapon does not preclude an armed robbery conviction. When defendant creates an atmosphere of intimidation prompting the victim to reasonably react with fear for his life, an armed robbery conviction is justified. State v. Rattler, 503 So.2d 168 (La.App. 4th Cir. 1987), writ denied, 507 So.2d 224; see also State v. Harrison, 501 So.2d 1041 (La.App. 2nd Cir.1987). Accordingly, defendant's armed robbery conviction is affirmed.
We have reviewed the record for errors patent and find none.
AFFIRMED.
NOTES
[1] Munoz involved an aggravated battery and the "dangerous weapon" was a tennis shoe defendant used to kick the victim. Defendant cause such severe injuries that the victim lapsed into a coma.