JUDE G. GRAVOIS, Judge.
^Defendant Lawrance W. Bruce appeals his conviction and sentence for armed robbery, a violation of LSA-R.S. 14:64. On appeal, he argues that the evidence was insufficient to convict, he received an excessive sentence, and that fundamental errors of due process occurred during his multiple offender proceeding. After thorough consideration of the law and the record, we affirm.

PROCEDURAL HISTORY

On February 11, 2009, the Jefferson Parish District Attorney filed a bill of information charging defendant, Law-rance W. Bruce, with one count of armed robbery. Defendant pled not guilty at arraignment on February 12, 2009. Defendant filed a Motion to Suppress Identification, which was denied by the court on April 2, 2009.
On June 3, 2009, defendant proceeded to trial before a twelve-person jury. The jury found defendant guilty of armed robbery. Defendant filed a Motion for New Trial on June 17, 2009, which was denied by the court. Sentencing delays |swere waived, and on June 17, 2009, defendant was sentenced to 75 years in the Department of Corrections without benefit of probation, parole, or suspension of sentence. After sentencing, defendant filed a written motion for appeal, which was granted on June 17, 2009.
Defendant filed a Motion to Amend Sentence, which was denied by the court on August 20, 2009. The State filed a multiple offender bill of information on the same day, and defendant denied the allegations therein. After a hearing on August 20, 2009, the trial court found that defendant was a second felony offender. The trial court vacated defendant’s original sentence and imposed an enhanced sentence of 100 years imprisonment at hard labor, with the first 99 years to be served without benefit of probation, parole, or suspension of sentence and the remaining one year to be served without the benefit of probation or suspension of sentence, in accordance with LSA-R.S. 15:529.1. Trial counsel objected to the sentence as excessive. Defendant’s timely appeal followed.

FACTS

On January 10, 2009, at approximately 9:00 p.m., Deputy Mark Monson of the Jefferson Parish Sheriffs Office received a call regarding an armed robbery at 1308 Bolo Court, Apartment # 3, in Bridge City, Louisiana. Deputy Monson met with and obtained a written statement from the victim, Adadin Caraballo, who advised that he had been robbed in his apartment at knifepoint. Mr. Caraballo identified the robber as a man named “Tony.” Deputy Monson, who frequently patrolled the area, had knowledge that defendant regularly used the name “Tony.”
*90 Mr. Caraballo advised Deputy Monson that the defendant entered his apartment and pulled out a medium-sized kitchen knife. Defendant approached Mr. Cara-ballo, who stumbled backwards in fear. At the same moment, defendant |4grabbed a gold Figaro chain with a Jesus medallion from around Mr. Caraballo’s neck. Mr. Caraballo testified that although he did not know defendant, he had seen defendant around the neighborhood and had heard people address him as “Tony.” Mr. Cara-ballo testified that he had paid approximately $1,600 for the chain and medallion. After defendant left the apartment, Mr. Caraballo and his roommates attempted to find defendant and recover the chain. When they were unsuccessful, Mr. Cara-ballo reported the robbery to the police.
The following day, Deputy Monson compiled a photographic lineup that included defendant’s picture. That same day, Mr. Caraballo positively identified defendant as the person who robbed him. Defendant was subsequently arrested and charged with armed robbery.[1]
ASSIGNMENT OF ERROR NUMBER TWO[2]
Defendant argues that the evidence at trial was insufficient to support the verdict. Defendant notes that there was no weapon recovered, no eyewitnesses to the alleged armed robbery, and no independent evidence to support the existence or value of the property that was allegedly stolen. Defendant also notes the lack of a verbal reference to the weapon during the incident, such as “Give it up.” Finally, defendant contends that there was no testimony specifically supportive of force or intimidation. As such, defendant argues that any rational trier of fact would have grave and reasonable doubt as to defendant’s guilt, and that the verdict should be set aside.
|KThe State responds that the victim’s testimony at trial, which was uncontradict-ed, is sufficient to prove beyond a reasonable doubt that defendant robbed the victim while armed with a dangerous weapon. The State asserts that the credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The State contends that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the State proved the essential elements of the charged offense beyond a reasonable doubt.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See State v. Ortiz, 96-1609, p. 12 (La.10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998); State v. Bailey, 04-85, p. 4 (La.App. 5 Cir. 5/26/04), 875 So.2d 949, 954-55, writ denied, 04- *91 1605 (La.11/15/04), 887 So.2d 476, cert. denied, 546 U.S. 981, 126 S.Ct. 554, 163 L.Ed.2d 468 (2005) (quotation omitted). Under the Jackson standard, a review of a criminal conviction record for sufficiency of evidence does not require the court to ask whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. State v. Jones, 08-20, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240. Rather, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. Id., 08-20 at 7, 985 So.2d at 240.
It is not the function of the appellate court to assess the credibility of witnesses or to re-weigh the evidence absent impingement on the fundamental due | (¡process of law. Bailey, 04-85 at 5, 875 So.2d at 955; Jones, 08-20 at 7, 985 So.2d at 240. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Johnson, 03-903 (La.App. 5 Cir. 12/9/03), 864 So.2d 645, 650.
Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. Jones, 08-20 at 7, 985 So.2d at 240. Where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, “assuming every fact to be proved that the evidence tends to prove.” State v. Frith, 08-52, p. 9 (La.App. 5 Cir. 4/29/08), 985 So.2d 792, 797 (citing LSA-R.S. 15:438; State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002)). This is not a separate test from that stated in Jackson, but rather provides a helpful basis for determining the existence of reasonable doubt. State v. Kempton, 01-572, p. 7 (La.App. 5 Cir. 12/12/01), 806 So.2d 718, 722.
Ultimately, both the direct and circumstantial evidence must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Harrell, 01-841, p. 7 (La.App. 5 Cir. 2/26/02), 811 So.2d 1015, 1019 (citing Jones, 772 So.2d at 791). The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events. Rather, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 99-3342, p. 7 (La.10/17/00), 772 So.2d 78, 83.
|7In the present case, defendant was charged with armed robbery in violation of LSA-R.S. 14:64. To support a conviction for armed robbery, the State must prove beyond a reasonable doubt that there was a taking of anything of value from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. LSA-R.S. 14:64(A); State v. Thomas, 08-813, p. 6 (La.App. 5 Cir. 4/28/09), 13 So.3d 603, 606, writ denied, 09-1294 (La.4/5/10), 31 So.3d 361.
Encompassed in proving the elements of an offense is the necessity of proving the identity of the defendant as the perpetrator. State v. Fuller, 07-319, p. 5 (La.App. 5 Cir. 2/19/08), 980 So.2d 45, 49, writ denied, 2008-0705 (La.10/10/08), 993 So.2d 1282. Positive identification by only one witness is sufficient to support a conviction. Fuller, 07-319 at 6, 980 So.2d at 49.
*92 In the instant case, the jury was presented with the victim’s testimony, which was uncontradicted, and the testimony of the responding police officer, Deputy Mon-son. We find that the State presented evidence sufficient to prove that defendant robbed the victim while armed with a dangerous weapon. Mr. Caraballo positively identified defendant as the perpetrator. Mr. Caraballo further stated that he had seen defendant around the neighborhood and knew he went by the name “Tony.” As noted above, positive identification by only one witness is sufficient to support a conviction. Fuller, 07-319 at 6, 980 So.2d at 49.
Mr. Caraballo also testified that defendant entered his apartment and pulled out a medium-sized kitchen knife. Defendant approached Mr. Caraballo, who was scared and stumbled backwards, and grabbed a gold Figaro chain with a Jesus medallion from Mr. Caraballo’s neck. Mr. Caraballo testified that he paid approximately $1,600 for the chain. Mr. Caraballo expressed no doubt that defendant was the individual who robbed him while armed with a knife.
| sIn this case, the knife was not produced at trial. However, the production of a weapon, or other physical evidence, is not paramount in an armed robbery prosecution providing the State’s witnesses can otherwise establish, by their observations at the crime scene, all elements of the offense charged beyond a reasonable doubt, including the fact that an alleged armed robber did have and make use of a dangerous weapon. State v. Cotton, 94-384, p. 2-3 (La.App. 5 Cir. 11/16/94), 646 So.2d 1144, 1146; State v. Brown, 591 So.2d 791, 794 (La.App. 5 Cir.1991).
In Cotton, the prosecution did not introduce a weapon at trial. Cotton, 94-384 at 3, 646 So.2d at 1146. Like the instant case, the victim, who was the only eyewitness to the crime, testified that the defendant approached him and pressed a hard, sharp object to his side. The victim further testified that the defendant told him to look straight ahead and he wouldn’t get hurt. Id. The victim, thinking the defendant had a knife, complied, and the defendant robbed him. The defendant denied the use of a weapon. Id. Finding that the prosecution submitted sufficient evidence to support the armed robbery conviction, this Court held that when a defendant creates an atmosphere of intimidation prompting the victim to reasonably react with fear for his life, an armed robbery conviction is justified. Id.
In State v. Calvin, 00-1505 (La.App. 5 Cir. 2/28/01), 781 So.2d 827, 831, the defendant contended that the State provided insufficient evidence that he was armed with a dangerous weapon. This Court noted that the jury evidently accepted the victim’s testimony that based on her familiarity with guns the object looked like the barrel of a gun wrapped in a towel. Id. at 832. As such, this Court held that, viewing the evidence in the light most favorable to the prosecution, the jury could have reasonably concluded that the defendant was armed with a dangerous weapon. Id.
|3In Brown, the defendant contended that the evidence was insufficient because the gun was not produced at trial. Brown, 591 So.2d at 793. The victim, an undercover officer working a drug trafficking investigation, testified that the defendant produced a gun and ordered the officer to return the rocks of cocaine he had offered to sell to the officer. Id. At trial, the defendant denied his involvement in the robbery. Id. Reviewing the officer’s testimony in the light most favorable to the prosecution, this Court held that a rational trier of fact could have found beyond a reasonable doubt that the defendant, while *93 armed with a handgun, took drugs from the officer by threatening him with the gun. Id. at 794.
The jurors clearly found the victim’s testimony regarding the incident to be credible. As discussed above, in the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. Johnson, 864 So.2d at 650. It is not the function of the appellate court to second-guess the credibility of witnesses as determined by the trier of fact or to reweigh the evidence absent impingement on the fundamental due process of law. Bailey, 04-85 at 5, 875 So.2d at 955. The jury was presented with and clearly accepted Mr. Caraballo’s testimony that defendant, while armed with a knife, took a gold Figaro chain and medallion from Mr. Caraballo by use of force or intimidation.
Based on the foregoing, the evidence, viewed in a light most favorable to the State, was sufficient to establish that defendant was guilty of the charged offense beyond a reasonable doubt. As such, this assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER ONE

Defendant contends that it was error to adjudge defendant as a habitual offender following a hearing at which defendant was not afforded fundamental due Improcess. Specifically, defendant points to the conduct of his attorney, asserting that she abandoned her role as counsel for defendant and instead adopted the position of the State. First, defendant claims that during her cross examination of the State’s fingerprint expert, counsel for defendant simply underscored the fact that there was no way the fingerprints could belong to anyone other than defendant. Next, defendant alleges that by engaging defendant in open court on the history of his prior plea, trial counsel caused defendant to waive his right to remain silent at the multiple offender hearing. Defendant asserts that rather than zealously representing defendant in his contention that his predicate plea was invalid because it was made with the understanding that it was a plea to a misdemeanor, trial counsel argued with defendant that his belief was unfounded, interrupting him and chastising him, and therefore failed to provide defendant with meaningful representation at the multiple offender hearing.[3]
The State contends that defendant’s claim is -without merit because defendant has not demonstrated a constitutional deficiency within the multiple bill or articulated how the State failed to meet its burden under LSA-R.S. 15:529.1 and State v. Shelton, 621 So.2d 769 (La.1993). The State notes that the evidence presented at the multiple bill hearing included testimony by a latent fingerprint analyst that the fingerprints taken of defendant on the day of the hearing matched the fingerprints corresponding, to defendant’s prior felony conviction, as well as documentary evidence of defendant’s prior felony conviction, including a Boykin[4] form and guilty *94 plea. The State contends that because it satisfied its burden of proving both the existence of a prior guilty plea and that defendant was represented |nby counsel when the plea was taken, and because defendant did not produce affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea, the trial court’s finding that defendant is a second felony offender was proper.
Defendant contends that his attorney should have argued that his plea on the predicate felony was invalid because it was made with the understanding that it was a plea to a misdemeanor, not a felony. Instead, because trial counsel abandoned her role as counsel for defendant and adopted the position of the State in seeking to prove that there was a valid predicate felony upon which defendant should be sentenced as a multiple offender, defendant argues trial counsel failed to provide him with any meaningful representation at the multiple offender hearing. Defendant also contends that, by engaging him in open court on the history of his prior plea, trial counsel caused defendant to waive his right to remain silent at the multiple offender hearing. In order to address claims of an inadequate defense to the multiple offender bill, we must first determine whether the evidence presented at the multiple offender hearing was sufficient to support the trial court’s determination that defendant was a second felony offender. Grimes, 09-2 at 11, 16 So.3d at 426.
Based on the evidence presented at the multiple offender proceedings, including the testimony of the witnesses and the documents presented, we find that the State proved defendant’s multiple offender status. To prove that a defendant is a habitual offender, the State must initially prove the prior felony convictions and that the defendant is the same person who was convicted of the felonies. Grimes, 09-2 at 11, 16 So.3d at 426. The latter can be established by expert testimony matching the accused fingerprints with those in the record from the prior proceedings. Id. When the State relies on a prior conviction that is based on a]_^guilty plea in proving the defendant’s multiple offender status and the defendant denies the multiple bill’s allegations, the State bears the burden of proving the existence of the prior guilty plea and that the defendant was represented by counsel when they were taken. Grimes, 09-2 at 11, 16 So.3d at 426.
The multiple offender bill of information filed on June 17, 2009 alleged a prior felony conviction by guilty plea to a charge of simple burglary. At the hearing on the multiple bill, defendant denied the allegation that he was a second felony offender. The State presented testimony by a latent fingerprint analyst that the fingerprints taken of defendant on the day of the hearing matched the fingerprints corresponding to defendant’s prior felony conviction. The State then presented a certified copy of defendant’s prior felony conviction for simple burglary, including the Boykin form, Waiver of Rights form, and entry of a plea of guilty to the charge of simple burglary. As evidenced by the form from his prior conviction, defendant was advised of his right to a trial by jury or by the Court alone, advised of his right to confront his accusers, and advised of his right against self-incrimination. Defendant was further advised that if he was convicted of a subsequent offense, his guilty plea could be used against him to enhance that penalty. The Boykin form also indicates that the waiver was free and voluntary. The evidence also established that defendant was represented by counsel at the proceedings on the 2007 felony conviction. Finally, the cleansing period had not tolled *95 on the prior felony, as was evident from the record.
Accordingly, we find that the trial court was correct in its determination that defendant was a second felony offender. Grimes, 09-2 at 12, 16 So.3d at 427. The State met this burden prior to any exchange between the defendant and his counsel at the multiple bill hearing. Because defendant has not shown that he was prejudiced as a result of an alleged deficient performance by his attorney, this | ^assignment of error, if addressed, would have no merit. Grimes, 09-2 at 14, 16 So.3d at 428; see also State v. Lacy, 1999-2225, p. 5 (La.App. 4 Cir. 2/21/01), 782 So.2d 47, 51 (holding that counsel was not ineffective for failing to object to use of prior conviction to support multiple bill when State offered evidence sufficient to meet its burden under LSA-R.S. 15:529.1 and Shelton).
As detailed above, by proving the prior felony conviction and that the defendant is the same person who was convicted of the felony, the State met its initial burden under Shelton. The burden then shifted to defendant to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea. Shelton, 621 So.2d at 779-780. Defendant failed to produce such affirmative evidence. Accordingly, this assignment of error has no merit.

ASSIGNMENT OF ERROR NUMBER THREE

Defendant contends that his sentence is constitutionally excessive because he received a “flat” sentence of 100 years imprisonment at hard labor for an armed robbery in which the victim was neither injured nor verbally threatened. Defendant further contends that the virtual life sentence he received shocks the conscience and should be set aside.
The State responds that defendant’s sentence is not excessive because the sentence is not outside the bounds of the statute and the trial court did not abuse its broad sentencing discretion. The State notes defendant’s mistaken assertion that he was sentenced to a “flat” 100 years imprisonment for the charge of armed robbery, and contends that defendant’s sentence as a second felony offender falls within the 49½ to 198 year range prescribed by LSA-R.S. 15:529.1.
11/Though defendant filed a Motion to Amend Sentence with regard to his original sentence, he did not make or file a motion to reconsider sentence pursuant to LSA-C.Cr.P. art. 881.1 after he was re-sentenced pursuant to LSA-R.S. 15:529.1. Instead, defendant merely objected to his sentence as excessive at the sentencing hearing, without alleging any specific grounds for excessiveness. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only. State v. Warmack, 07-311, p. 7 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 108; see also LSA-C.Cr.P. art. 881.1.[5] Where a new sentence has been imposed following vacation of a prior sentence, the defendant is required to file a new motion for reconsideration of sentence in the trial court, in order to preserve appellate review of the newly-imposed sentence. State v. Evans, 09-477, p. 11 (La.App. 5 Cir. 12/29/09), 30 *96 So.Sd 958, 965. The court cannot assume that the defendant’s objections to the earlier sentence are equally applicable to the new sentence imposed. Id. As such, defendant is limited to a review of his sentence for constitutional excessiveness only.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. State v. Pearson, 07-382, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 655. A sentence is considered excessive, even when it is within the applicable statutory range, if it imposes needless pain and suffering and is grossly disproportionate to the seriousness of the offense. Warmack, 07-311 at 7, 973 So.2d at 109. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the |1Bpenalty is so disproportionate as to shock the sense of justice. Pearson, 07-332 at 15, 975 So.2d at 655-56. The trial judge is afforded wide discretion in determining sentence, and the court of appeal will not set aside a sentence absent a clear abuse of the trial court’s discretion. Id. at 15, 975 So.2d at 656 (citing State v. Brown, 04-230, p. 4 (La.App. 5 Cir. 7/27/04), 880 So.2d 899, 902).
In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts. Pearson, 07-332 at 15-16, 975 So.2d at 656. The relevant question on appeal is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. State v. Cook, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Generally, the maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. Warmack, 07-311 at 8, 973 So.2d at 109.
Defendant was found guilty of armed robbery. LSA-R.S. 14:64(B) provides that whoever commits armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. On June 17, 2009, defendant was sentenced to 75 years at hard labor without the benefit of probation, parole, or suspension of sentence. In determining defendant’s sentence, the court reviewed defendant’s criminal history, which included a felony conviction for simple burglary in 2007, two simple robbery convictions in 1989 in which he robbed the same victim on two separate occasions, and another conviction for burglary of an inhabited dwelling.
| lfiAfter defendant was sentenced, the State filed a multiple offender bill of information. At a hearing on August 20, 2009, the trial court found that defendant was a second felony offender. The trial court vacated defendant’s original sentence and imposed an enhanced sentence of 100 years imprisonment at hard labor, with the first 99 years to be served without benefit of probation, parole, or suspension of sentence, and the remaining one year to be served without the benefit of probation or suspension of sentence in accordance with LSA-R.S. 15:529.1. As a second felony offender, defendant faced a possible sentencing range of 49½ to 198 years imprisonment. LSA-R.S. 15:529.1(A)(l)(a). Defendant received a 100 year sentence.
Reviewing similar cases, the sentence is supported by comparison. In State v. Douglas, 389 So.2d 1263, 1264-67 (La.1980), the defendant, who had a criminal history that included three prior felony convictions, robbed the victim at gunpoint *97 after the victim responded to the defendant’s knock at his door. The defendant pushed a pistol into the victim’s stomach, entered the house, and ordered the victim to hand over his wallet. Id. at 1264-65. The victim was not injured. However, noting that an armed invasion of a victim’s home at night presents an especially terrifying scene, the Supreme Court affirmed the ninety-nine year sentence, finding no abuse of the trial court’s discretion. Id. at 1267-68.
In State v. Allen, (36,180 La.App. 2 Cir. 9/18/02), 828 So.2d 622, the defendant, who entered a store and robbed the night clerk armed with a knife, was convicted of armed robbery and sentenced to 99 years at hard labor. Allen, 828 So.2d at 624. The defendant was subsequently adjudicated a third felony offender and received a sentence of life imprisonment at hard labor. Id. at 625-26. In reviewing the sentence for excessiveness, the court noted that the defendant’s 117voluminous criminal history, which included prior felony convictions for forgery and robbery, supported the imposition of the life sentence. Id. at 631.
In State v. Carter, 570 So.2d 234, 235 (La.App. 5 Cir.1990), the defendant, who robbed a pizza delivery man while armed with a knife, was convicted of armed robbery and sentenced to 99 years imprisonment at hard labor. In reviewing the sentence for excessiveness, this Court noted that the defendant had a history of prior criminal activity, including felony convictions of possession of cocaine with intent to distribute and attempted simple burglary, and that the sentence was based on the trial court’s opinion that the circumstances that caused the defendant’s conduct were likely to recur. Id. at 237. This Court determined that, while the amount of property taken was minimal, the defendant placed the victim in fear for his life and committed a dangerous crime. Id. at 238. Finally, in finding no abuse of discretion, this Court concluded that, as this was defendant’s third felony conviction, there was no question that the defendant had a propensity for felonious behavior. Id.
In State v. James, 545 So.2d 560 (La.App. 4 Cir.1989), writ denied, 551 So.2d 618 (La.1989), a defendant with three prior felony convictions was sentenced to 99 years after he was convicted of armed robbery. The defendant and his co-defendant pointed an automatic handgun at the victim and robbed her. Id. at 562. The victim was ordered to lie down on the sidewalk and the perpetrators subsequently fled. Id. The Supreme Court found no abuse of discretion in the sentencing. Id. at 565.
In State v. Armstrong, 95-1665, p. 1 (La.App. 3 Cir. 10/11/96), 683 So.2d 1261, 1264, writ denied, 97-0596 (La.9/5/97), 700 So.2d 505, the defendant was convicted of armed robbery and sentenced as a habitual offender to a term of 99 years. Citing similar cases in which 99-year sentences have been upheld, and 11Rnoting the defendant’s two prior robbery convictions and a conviction for simple escape, the court determined that the sentence was not excessive, even though no one was killed or injured in the robbery. Armstrong, 95-1665 at 16, 683 So.2d at 1271.
Armed robbery has been recognized as a serious offense against the person. State v. Francois, 01-807 (La.App. 5 Cir. 4/10/02), 817 So.2d 213, 216. Herein, defendant entered the victim’s home at night, pulled a knife on the victim, and grabbed a gold chain from his neck, thereby placing the life of the victim at risk of death or great bodily harm. Defendant has an extensive criminal history, including a felony conviction for simple burglary in 2007, two convictions for simple robbery in 1989, and another conviction for burglary of an in *98 habited dwelling, and has exhibited a propensity for felonious behavior.
The Louisiana Supreme Court has stated that the question on review is not whether another sentence would have been more appropriate, but whether the trial court abused its broad sentencing discretion. State v. Jones, 99-2207, p. 3 (La.1/29/01), 778 So.2d 1131, 1138. While another judge might have weighed the circumstances in this case differently, the question on review is whether the trial judge abused his discretion in this case, not whether another sentence might have been more appropriate. Jones, 99-2207 at 3, 778 So.2d at 1133. Given the facts of this ease, and the similarity to the above-cited cases, we find that the trial court did not abuse its broad discretion in imposing the 100 year sentence. This assignment of error is accordingly without merit.
TERROR PATENT DISCUSSION[6]
A review of the transcript of the multiple offender proceeding reveals that the trial judge did not advise defendant of the prescriptive period for filing post-conviction relief after defendant was re-sentenced following adjudication as a second felony offender, although the commitment states otherwise. However, the record reveals that defendant was advised of the time limitations in LSA-C.Cr.P. art. 930.8 after his original sentencing on June 17, 2009. LSA-C.Cr.P. art. 930.8 does not require a trial court to advise the defendant of the time limitations for filing post conviction relief more than once. State v. Harris, 01-1380 (La.App. 5 Cir. 4/30/02), 817 So.2d 387, 390. Because the trial judge properly advised defendant at his original sentencing on June 17, 2009, no corrective action is required.
With regard to the discrepancies between the transcript of the multiple offender proceeding and the August 20, 2009 commitment, the transcript generally prevails where there is a discrepancy between the minutes and the transcript. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, we hereby remand the matter to the trial court to have the August 20, 2009 commitment corrected to reflect that defendant was not informed of the prescriptive period for seeking post-conviction relief so as to maintain consistency with the transcript.

CONCLUSION

For the reasons assigned above, defendant’s conviction and sentence are affirmed. The matter is remanded for correction of the record as noted above.

AFFIRMED; REMANDED WITH INSTRUCTIONS.

. Defendant had been arrested on an unrelated matter shortly after the robbery occurred, on January 11, 2009, at approximately 3:40 a.m. At the time he was arrested, defendant was not a suspect in the robbery of Mr. Cara-ballo.

. When the issues on appeal relate to both the sufficiency of evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence by considering the entirety of the evidence. State v. Hearold, 603 So.2d 731, 734 (La.1992). If the reviewing court determines that the evidence was insufficient, then the defendant is entitled to an acquittal, and no further inquiry as to trial errors is necessary. Id. Therefore, the sufficiency of the evidence is addressed before defendant’s other assignments.

. Although defendant's brief infers that he received ineffective assistance at the hearing on the multiple offender bill, defendant does not assign as error or brief the issue of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A claim of ineffective assistance of counsel is most appropriately addressed through an application for post conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Robertson, 08-297, p. 12 (La.App. 5 Cir. 10/28/08), 995 So.2d 650, 659, writ denied, 08-2962 (La.10/9/09), 18 So.3d 1279.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. According to LSA-C.Cr.P. art. 881.1(E), the “[fjailure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.”

. The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); Stale v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).