LILJEBERG, J. | defendant appeals his convictions and sentences for racketeering and conspiracy to distribute cocaine. For the following reasons, we affirm defendant’s convictions and sentences, and we remand for correction of the uniform commitment orders. We also grant appellate counsel’s motion to withdraw as counsel of record. PROCEDURAL HISTORY Defendant, Derenne Carter, was charged by indictment with racketeering, relating to a narcotics distribution network, in violation of La. R.S. 15:1352. He was also charged with conspiracy to distribute cocaine, in violation of La. R.S. 40:979 and La. R.S. 40:967(A). Defendant pleaded not guilty to both charges. Thereafter, defendant withdrew his pri- or pleas of not guilty and pleaded guilty as charged. In accordance with the plea agreement, the trial court sentenced defendant to 15 years imprisonment at hard labor on count one (racketeering) and to 15 years imprisonment at hard labor, with the first two years without the benefit of probation, parole, or suspension of sentence, on count two (conspiracy to distribute cocaine). The sentences were ordered to run concurrently. The State filed a multiple offender bill of information on count two alleging defendant to be a second felony offender, to which defendant stipulated. The trial court vacated defendant’s sentence on count two and resentenced him as a second felony offender, pursuant to La. R.S. 15:529.1, to 15 years imprisonment at hard labor without the benefit of probation or suspension of sentence. Defendant appeals. jflFACTS Because defendant pleaded guilty, the facts were not fully developed at a trial.[1] Count one of the indictment provides, in pertinent part: At all times material to this Indictment, Derenne Carter, aka “D” the defendant herein,. .engaged . in conduct that furthered the aims of’an Enterprise by engaging in a pattern of Racketeering Activity. This conduct included operating a. narcotics distribution network that transported cocaine into the metropolitan New Orleans area from the State of Texas. [[Image here]] From on or around January 1, 2013, through February 26, 2015... defendant, . .did knowingly conduct and participate, directly and indirectly, in the conduct of the affairs of the Enterprise through a Pattern of Racketeering Activity .,. consisting] of acts that include, but are not limited to, the conduct alleged in .Counts Two and Three of the Indictment, and this conduct is incorporated as Racketeering Act 1 and 2. [[Image here]] Racketeering Act 5 On and between January 16, and January 19, 2014, Derenne Carter aka “D”.. .transported U.S. Currency -from Jefferson Parish to Houston, Texas for the purpose of acquiring cocaine.. . Racketeering Act 6 On and between January 16, and January 19, ■ 2014, Derenne Carter aka “D”.. .transported kilograms of cocaine from Houston, Texas to Jefferson Parish. Racketeering Act 7 On and between the January 21 and 22, 2014, Derenne Carter aka “D”.. .transported U.S. Currency to Houston, Texas for thé purpose of acquiring cocaine, and checked into a hotel room to await the order to deliver the ‘money and make the pickup of cocaine. Count two of the indictment provides, in pertinent part: From on or around January 1, 2013, through February 26, 2015.., defendant... and other persons known and unknown to the Grand Jury violated R.S. 40:979/967(A), in that they conspired among themselves and with persons known and unknown to the Grand Jury to distribute cocaine. JaLAW AND DISCUSSION Pursuant to the procedure adopted by this Court in State v. Bradford, 95-929, pp. 3-4 (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[2] appointed appellate counsel has filed a brief asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed counsel requests permission to withdraw as counsel of record. In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.[3] The request must be accompanied by “ ‘a brief referring to anything in. the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should-be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988). In Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an 1 ¿advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id. When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 95-929, at 4, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file á brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel. Id. In the present case, defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. He states that defendant entered an unqualified guilty plea, thereby waiving- all non-jurisdictional defects. Appellate counsel further asserts that the record does not support a claim that the plea was constitutionally infirm. The State has filed a brief in this matter, concurring in appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. Appellate counsel has filed a motion to withdraw as attorney of record, in which he states that he believes the appeal is wholly frivolous, as explained in his accompanying brief, and that he has sent notice to defendant of his right to file his own pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an Anders brief had been filed and that he had until May 6, 2017 to file a pro se supplemental brief. Defendant has not filed a pro se supplemental brief in this matter. 15An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. The indictment properly charged defendant and plainly and concisely stated the essential facts constituting the offenses charged. It also sufficiently identified defendant and the crimes charged. See La. C.Cr.P. arts. 462-466. The record also shows that there are ho appealable issues surrounding defendant’s presence. The minute entries reflect that defendant and his counsel appeared at .all crucial stages of the proceedings against him, including his arraignment, guilty pleas, multiple bill stipulation, and sentencing. Defendant pleaded guilty in this case. Generally, when a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La. App. 5 Cir. 7/27/10), 47 So.3d 455, 459. In the present case, defendant entered unqualified guilty pleas, and therefore, all non-jurisdictional defects are waived. Further, no rulings were preserved for appeal under the holding in State v. Crosby, 338 So.2d 584 (La. 1976). Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the Boykin[4] colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. Id. A review of the record reveals no constitutional infirmity in defendant’s guilty pleas. The record shows that defendant was aware he was charged with and | ¿pleading guilty to one count of racketeering and one count of conspiracy to distribute cocaine. On the waiver of rights form and during the colloquy with the trial judge, defendant was advised of his right to a jury trial, his right to confrontation, and his privilege against self-incrimination as required by Boykin, supra. Defendant signed the waiver of rights form, indicating that he understood he was waiving these rights by pleading guilty. During the colloquy with the trial judge, defendant also indicated that he understood those rights. During his guilty plea colloquy and on his waiver of rights form, defendant indicated that he had not been forced, coerced, or threatened into entering his guilty pleas. Defendant was informed during the colloquy of the minimum and maximum sentences and of the sentences that would be imposed on each count if his guilty pleas were accepted. After the colloquy with defendant, the trial court accepted defendant’s pleas as knowingly, intelligently, freely, and voluntarily made. Moreover, defendant’s underlying sentences do not present any issues for appeal. His underlying sentences were imposed pursuant to, and in conformity with, a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of his sentence imposed in conformity with a plea agreement, which was set forth in the record at the time of the plea. See State v. Moore, 06-875 (La. App. 5 Cir. 4/11/07), 958 So.2d 36, 46; State v. Washington, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Further, defendant’s sentences fall within the sentencing ranges prescribed by the statutes. See La. R.S. 15:1354; La. R.S. 40:979; La. R.S. 40:967. With regard to the multiple offender proceedings, the record shows defendant was sufficiently advised of his multiple offender rights. During the guilty plea colloquy, defendant admitted he was a second felony offender. The waiver of rights form and the colloquy between the trial judge and defendant show 17that defendant was advised of his right to a hearing at which the State would have to prove his multiple offender status and of his right to remain silent throughout the hearing. A defendant is barred from asserting on appeal that the State failed to produce sufficient proof of his multiple offender status hearing when he waived the hearing. State v. Schaefer, 97-465 (La. App. 5 Cir. 11/25/97), 704 So.2d 300, 304. Defendant also indicated that he had not been forced or coerced into stipulating to the multiple bill. His stipulation was accepted by the judge as knowingly, intelligently, freely, and voluntarily made. Defendant was also advised that if the trial court accepted his stipulation, he would be sentenced to 15 years imprisonment at hard labor, to be served without the benefit of probation or suspension of sentence. However, on the waiver of rights form and during the guilty plea colloquy, defendant was incorrectly advised that the sentencing range for his enhanced sentence on count two was between 15 and 60 years. La. R.S. 15:529.1(A)(1) provides that: If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction. Defendant’s conviction on count two, conspiracy to distribute cocaine, was punishable by imprisonment at hard labor for not less than two years nor more than 15 years, with the first two years without the benefit of parole, probation, or suspension of sentence. See La. R.S. 40:979 and La. R.S. 40:967. Accordingly, the correct sentencing range for the enhanced sentence on count two was actually between seven and one-half years and 30 years. La. C.Cr.P. art. 556.1(A)(1) provides that, prior to accepting a guilty plea, the court must personally inform the defendant of the nature of the charge to which the plea is offered, any mandatory minimum penalty, and the maximum possible penalty. State v. Kent, 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 229, writ denied, 15-2119 (La. 12/16/16), 211 So.3d 1165. “Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.” La. C.Cr.P, art. 556.1(E). Violations of La. C.Cr.P. art. 556.1 that do not rise to the level of Boy-kin violations are subject to harmless error analysis. State v. Craig, 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60, 64. In the instant case, although he was not informed of the correct sentencing range, defendant knew the sentence he would receive, and he received that sentence. An advisement of the agreed upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. See Craig, supra; State v. Broadway, 40,569, p. 7 (La. App. 2 Cir. 1/25/06), 920 So.2d 960, 963. Accordingly, no substantial rights of defendant were affected. With regard to defendant’s enhanced sentence, we note that it was imposed in accordance with the terms of the plea agreement set forth in the record at the time of the plea. Further, defendant’s sentence falls within the sentencing range set forth in the statutes. See La. R.S. 15:529.1; La. R.S. 40:979; La. R.S. 40:967. Moreover, defendant’s plea agreement was beneficial to him in that he received a 15-year enhanced sentence, when he could have received a 30-year sentence. Further, we note that defendant could have been exposed to an even higher sentence if the State had filed the multiple bill on count one.[5] The transcript reflects that the trial judge informed defendant that if he stipulated to the multiple bill, his 15-year enhanced sentence on count two would be served without the benefit of probation or suspension of sentence. Thereafter, the trial judge imposed the enhanced sentence without the benefit of probation or. | ¡¡suspension of sentence. However, the trial judge did not specify any . restriction on parole eligibility. The restrictions on parole eligibility imposed on habitual offender sentences under La. R.S. 15:529.1 “are those called for in the reference statute.” State v. Esteen, 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79 n.24, writ denied, 02-1540 (La. 12/13/02), 831 So.2d 983. La. R.S. 40:967(B)(4)(b) requires that the first two years of the sentence shall be without benefit of parole, probation, or suspension of sentence. Because the underlying offense carries a parole restriction, the habitual offender sentence is to likewise be imposed without parole. See State v. Smith, 09-100 (La. App. 5 Cir. 8/25/09), 20 So.3d 501, 509, writ denied, 09-2102 (La. 4/5/10), 31 So.3d 357. Therefore, the trial court erred by not restricting parole eligibility on defendant’s enhanced sentence for the first two years, La. R.S. 15:301.1(A) provides that in instances where the statutory restrictions are not recited at ■ sentencing, they are deemed Contained in the sentence whether or not specified by the sentencing court and are therefore statutorily effective. Thus, no corrective action is required to specify that the first two years of defendant’s sentence are to be servéd without benefit of parole. See State v. Young, 13-745, p. 2 (La. App. 5 Cir. 4/9/14), 140 So.3d 136, 140 n.2, writ denied, 14-1002 (La. 12/8/14), 153 So.3d 439. Appellate counsel’s brief adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of the record supports counsel’s assertion. Accordingly, we affirm defendant’s convictions and sentences, and we grant appellate counsel’s motion to withdraw as attorney of record. [^ERRORS PATENT Defendant requests an error patent review. However, this Court routinely reviews the record for errors patent in accordance with La.' C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. The following errors were noted. ' The uniform commitment orders regarding defendant’s underlying sentence and his enhanced sentence both reflect that the offense date was January 1, 2013. However, the record indicates that the correct offense dates were between January 1, 2013 and February 26, 2015. We also note that the uniform commitment order dated June 21, 2016, pertaining to defendant’s multiple offender sentencing does not specify that the first two years of his sentence are to be served without' benefit of parole. This Court has previously remanded other cases for correction of the uniform commitment order in its error patent review. See State v. Lyons, 13-564, p. 9 (La. App. 5 Cir. 1/31/14), 134 So.3d 36, 41, writ denied, 14-0481 (La. 11/7/14), 152 So.3d 170 (citing State v. Long, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142). Accordingly, we remand this matter to the trial court and order that the uniform commitment orders be corrected to reflect the correct dates of the offenses and that the first two years of defendant’s multiple offender sentence are to be. served without benefit of parole. We also direct the Clerk of Court for the 24th Judicial District Court to transmit the original of the. corrected uniform commitment orders to the officer in charge of the institution to which defendant has been , sentenced and the Department of Corrections’ legal department. See Long, 12-184 at 10-11, 106 So.3d at 1142. [jjDECREE For the foregoing reasons, we affirm defendant’s convictions and sentences, and we remand to the trial court for correction of the uniform commitment orders. We also grant appellate counsel’s motion to withdraw as counsel of record. CONVICTIONS AND SENTENCES AFFIRMED; REMANDED FOR CORRECTION OF UNIFORM COMMITMENT ORDERS; MOTION TO WITHDRAW GRANTED. . Before the guilty colloquy began, the State filed a motion to place the plea agreement, including a document titled "Factual Basis,” under seal. On the record, defendant reviewed the information contained in the factual basis, without reading it aloud and confirmed that the information contained therein was accurate. . In Bradford, supra, this Court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981, pp. 1-2 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam). . The .United States Supreme Court reiterated Anders in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). . Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). , If multiple billed on count one (racketeering), defendant faced an enhanced sentence with a minimum of 25 years and maximum of 100 years imprisonment. See La. R.S. 15:529.1; La. R.S. 15:1354.