STATE OF LOUISIANA

VERSUS

GALVIN MARCUS BOURGEOIS

NO. 22-KA-418

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 18,145, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING


April 26, 2023


**SUSAN M. CHEHARDY**
**CHIEF JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.


<u>**AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS**</u>
**SMC**
**FHW**
**JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Bridget A. Dinvaut
    Henri P. Dufresne

COUNSEL FOR DEFENDANT/APPELLANT,
GALVIN BOURGEOIS
    Bertha M. Hillman

**CHEHARDY, C.J.**

Appellant seeks reversal of the district court's March 23, 2022 judgment claiming that the enhanced sentences imposed upon him as a habitual offender are constitutionally excessive. For the following reasons, we affirm the district court's judgment and remand the matter with instructions.

**PROCEDURAL HISTORY**

On July 9, 2018, the St. John the Baptist Parish District Attorney filed a bill of information charging appellant, Galvin Marcus Bourgeois, with armed robbery with a firearm, a violation of La. R.S. 14:64 and La. R.S. 14:64.3 (count 1); accessory after the fact to second degree battery, a violation of La. R.S. 14:25 and La. R.S. 14: 34.1 (count 2); carjacking, a violation of La. R.S. 14:64.2 (count 3); and, possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 (count 4). Bourgeois was arraigned on July 18, 2018, and pled not guilty.

After trial commenced on April 13, 2021, the State amended the bill of information to enter a *nolle prosequi* as to count 2, accessory after the fact to second degree battery. At the conclusion of the three-day trial, the jury returned a unanimous verdict of guilty as charged on counts 1, 3, and 4. At that time, the trial judge ordered a pre-sentence investigation ("PSI") report.

On June 14, 2021, the district court sentenced Bourgeois to thirty years imprisonment at the Department of Corrections without benefit of parole, probation or suspension of sentence on count 1, with a consecutive five-year hard labor sentence without benefits for the enhancement on count 1. The district court further sentenced Bourgeois to ten years imprisonment at hard labor without benefit of parole, probation or suspension of sentence on count 3, and to fifteen years imprisonment at hard labor without benefits on count 4. The sentences on all counts were ordered to run concurrently, except for the five-year sentence imposed

for use of a firearm in the armed robbery, which was ordered to run consecutively to the three other sentences imposed.[1]

Following a multiple bill hearing on March 14, 2022, the district court adjudicated Bourgeois as a third-felony offender on the charges of armed robbery with a firearm and carjacking, and a second-felony offender on the charge of a convicted felon in possession of a firearm. On March 23, 2022, after vacating the original sentences, the district court sentenced Bourgeois to 80 years as a third felony offender on count 1, armed robbery with a firearm, with an additional five years for the firearm enhancement; 25 years as a third felony offender on count 3, carjacking; and 20 years as a second felony offender on count 4, convicted felon with a firearm. All sentences were ordered to run concurrently.

Bourgeois timely appealed the habitual offender sentences imposed claiming that the sentences are unconstitutionally excessive, and under the facts of this case, the sentences constitute cruel and unusual punishment.

**FACTUAL BACKGROUND**

*Trial Testimony of the Victim, Calvin Alexis*

According to the victim, Calvin Alexis, on May 16, 2018, after exiting a convenience store in Hammond, Louisiana, and getting into his vehicle, he was approached by a black male, later identified as defendant, Galvin Bourgeois, who asked for a ride to a nearby Holiday Inn located on Highway 51. Bourgeois offered to pay Alexis for the ride. Alexis agreed, took Bourgeois' money and placed it in the glove compartment. Prior to exiting the parking lot, a white male, later identified as Cody Bezet, approached Alexis's vehicle. Bourgeois told Alexis

---

[1] A review of the sentencing transcript reveals that the firearm enhancement was ordered to run consecutively to the armed robbery sentence. Later, however, the trial judge specified that "these sentences will be run concurrently, but for the 64.3 directive that that 5 year additional term must run consecutive to any sentence served or issued by the Court." The trial judge also recommended programs that may be available to Bourgeois while imprisoned.

that his friend, Bezet, also needed a ride, and Alexis agreed. Bourgeois rode in the front seat with Alexis, and Bezet rode in the back seat of the vehicle.

Alexis testified that as he pulled out of the convenience store parking lot, he was instructed to proceed driving straight. Alexis described that when he looked towards the back of the vehicle, Bezet held a gun pointed at him. Bezet instructed Alexis to drive down Highway 51, which took them through a swampy area. When they reached a curve in the road, having recognized the danger of driving any further, Alexis drove the vehicle off to the side of the road. According to Alexis, Bezet instructed him to exit the vehicle, so he put the vehicle in park, but let the motor continue to run. Bezet then got out of the vehicle, came around it with the gun still pointed towards Alexis, and demanded that Alexis give him all of his money. Alexis claimed that after turning over $16, along with the money previously given to him by Bourgeois, he grabbed the gun from Bezet. A struggle for the gun ensued, with Bezet yelling for Bourgeois to exit the vehicle and help him. The gun then fell to the ground. Alexis dove for it and fired a "warning shot." The bullet hit his vehicle. Alexis explained that when he attempted to fire the gun again, the gun jammed. At that point, Bourgeois came around the front of the vehicle and began hitting Alexis in the face, causing him to fall to the ground. Both Bezet and Bourgeois continued to hit and "jump on" Alexis. Alexis stated that Bezet and Bourgeois then got into his vehicle and drove away, leaving him unconscious on the side of the road without money or a vehicle.

Alexis confirmed at trial that he did not actually see Bourgeois with any weapons, and further, described him as "a little bit nervous" to be there. He agreed that it appeared as if Bezet was the "guy in charge."

Alexis testified that after the incident, he was transported via ambulance to the hospital, where he learned that he had sustained an injury to his eye and bruises to his stomach and arms. He stated that when his vehicle was returned to him, it

would not start.  There was bullet hole in his vehicle that was caused when he fired Bezet's firearm.

### Testimony of Officer Frank Jackson

Officer Frank Jackson of the St. John the Baptist Parish Sheriff's Office stated that on May 6, 2018, he was dispatched to a call regarding a person on the side of the road at "old Highway 51 and Farm Road," who appeared to be unconscious.  Officer Jackson testified that when he arrived at the scene, he observed a black, unresponsive male, later identified as Alexis, lying on his back with severe swelling to the right side of his face.  EMS was dispatched and transported Alexis to the hospital to be treated for his injuries.  Officer Jackson stated that he spoke with Alexis after he was transported to the hospital.  He described severe swelling to Alexis' face, and that his eye appeared to have doubled in size.

### Testimony of Detective Carolina Pineda

Officer Carolina Pineda, a detective with the St. John the Baptist Parish Sheriff's Office testified that she was the lead investigator on the case.  She positively identified Bourgeois in open court.  Officer Pineda stated that she went to the hospital and learned from Alexis that he had suffered an orbital fracture to his right eye as a result of the incident.  She also learned from Alexis that earlier that night, he had agreed to provide a black male and a white male a ride from the EZ Stop to a nearby "hotel on old 51."  Later, surveillance video was obtained from the EZ Stop, and still images were subsequently shared with deputies, who through their prior dealings, identified the black suspect as Bourgeois.  The video showed a man resembling Bourgeois approach Alexis.  Also, from this video, Alexis was able to positively identify himself, his vehicle, and Bourgeois as the person who started hitting him in the face.  A photograph of Bourgeois was obtained from the St. John the Baptist Parish database and from that a six-person

photographic lineup was generated. Alexis identified Bourgeois from the photographic lineup as the man who approached him at the convenience store asking for a ride, and the person who rode in the front seat of his vehicle.

Detective Pineda testified that she reviewed the surveillance video, which was played for the jury. In the video, she narrated that on May 6, 2018, at approximately 5:43 p.m., Alexis could be seen sitting in his white Toyota Corolla. Detective Pineda identified the black male seen in the video as Bourgeois, and the white male as Bezet. Bourgeois could be seen in the front passenger seat of Alexis's vehicle and reaching for something in his hand, which was later discovered to be a working handgun. According to Detective Pineda, Bourgeois admitted in his statement that he possessed a gun at the time, which was confirmed to be the same weapon used to rob Alexis and that was fired into the vehicle. She further testified that after learning details of the crime from Alexis, a license plate search of the area on ALPR ("automated license plate reader") showed that the vehicle headed northbound towards Hammond on I-55. It revealed that the vehicle stopped later that night at a business called Monte Carlo in Garyville, Louisiana. Detective Pineda stated that Bourgeois was driving the vehicle at the time. Additionally, she testified that surveillance video was recovered from Monte Carlo, which showed that on May 6, 2018, at 10:19 p.m., Bourgeois, who was alone, was driving Alexis's vehicle. Bezet was located driving in a Jeep. According to Detective Pineda, from the video it did not appear that Bourgeois was operating under the influence of another person.

Detective Pineda testified that Alexis's vehicle was recovered by the state police at the Huddle House located in LaPlace, Louisiana. She explained that video surveillance obtained from this location revealed that the vehicle was left in the parking lot by Bourgeois during the early morning hours of May 7, 2018. She stated that Bezet was not observed in the video, but rather, a black male, identified

as "L," was seen existing the passenger side of the vehicle. According to Detective Pineda, it appeared from the video that Bourgeois was experiencing trouble with the vehicle, which would explain why he abandoned it. She stated that a search warrant for Alexis's vehicle was obtained and photographs were taken, which depicted damage to the driver's side of the vehicle and showed a bullet hole in the driver-side door.

Detective Pineda further testified that based on this investigation, she authorized an arrest warrant for Bourgeois. Bourgeois was subsequently arrested by U.S. Marshals on May 10, 2018, in Baton Rouge, Louisiana, before he could allegedly turn himself in, and was transported to the detective bureau in St. John the Baptist Parish. She stated that during a search conducted by the U.S. Marshals, a firearm was located in Bourgeois' pocket. When speaking with Bourgeois after his arrest, Detective Pineda testified that he was advised of his rights and waived them and, thereafter, provided a recorded statement. Bourgeois' statement was admitted into evidence at trial and published for the jury. Bourgeois admitted that the gun in his possession was the same gun that was used to rob Alexis. Bourgeois indicated to the detectives that he was intimidated by Bezet, who was on drugs and had threatened him. According to Bourgeois, Bezet coerced him into robbing Alexis, and he was afraid for his own life. Bourgeois admitted that he drove Alexis's vehicle to the location where it was later recovered by police, and was then dropped off in Baton Rouge at "his girl's house." He denied knowing the whereabouts of Bezet at that point in time. Additionally, while Bourgeois initially denied personally possessing a gun at the time of the crime, denied knowing that Bezet possessed a gun, denied that he got into an altercation with Alexis, or struck Alexis, he later admitted to detectives that he did, in fact, know that Bezet possessed a gun and that he took the gun from Bezet. Bourgeois also admitted that he was a convicted felon.

*Testimony of Heather Pennington*

Heather Pennington of the Department of Public Safety and Corrections, Division of Probation and Parole, identified a copy of a certified conviction packet containing a photograph of Bourgeois, which she explained would have been taken as part of the intake process when an individual is released on probation or parole. She further explained that the conviction packet identifies Bourgeois' address, race, and height. It reflects that on November 26, 2013, Bourgeois pled guilty in Orleans Parish Criminal District Court to simple robbery in case number 51742, and was sentenced to three years and six months at hard labor. Pennington explained that according to the diminution of sentence, Bourgeois was released from incarceration on November 1, 2015, and remained on parole supervision until February 7, 2017.

## ASSIGNMENT OF ERROR ON APPEAL

The sentences imposed by the district court, although within the statutory limits, are constitutionally excessive.

## DISCUSSION

In his sole assignment of error, Bourgeois argues that, although his sentences are within the statutory limits for the crimes for which he was convicted, under the facts presented by this case, the enhanced sentences are constitutionally excessive and are grossly out of proportion to the severity of the crimes. He asserts the district court failed to give adequate consideration to mitigating circumstances and that there was only one aggravating circumstance applicable to him as listed in La. C.Cr.P. art. 894.1. According to Bourgeois, the sentences imposed are effectively a life sentence, resulting in needless and purposeless pain and suffering. Bourgeois contends that the enhanced sentences imposed place an undue burden on the taxpayers of Louisiana, who must feed, house, and clothe him for the duration of his sentence.

In response, the State argues that the district court did not abuse its broad sentencing discretion, and that Bourgeois' sentences are not constitutionally excessive. The State contends that the district court specifically noted that it considered the PSI report in making its determination regarding Bourgeois' sentencing, the sentences are well within the statutory guidelines, and the sentences are significantly less than the maximum sentences permitted under the habitual offender statute, La. R.S. 15:529.1.

A review of the sentencing transcript reflects that the trial judge specifically stated that he considered the PSI report and the relevant mitigating factors set forth in La. C.Cr.P. art. 894.1, stating, in pertinent part:

> … [A]t this time, I'm going to go down the three crimes [Bourgeois] allegedly committed and now has been found guilty of. In a rather categorical order, my reasoning was pretty much going to all three charges. I'm duty-bound to consider Code of Criminal Procedure 894.1. In sentencing an individual, I must consider many factors. In this case, I had the benefit of sitting through the entire trial, and some of the pre-trial hearings. I am aware of many, many of the facts … [I]n considering sentencing, I think I'm well-equipped to consider the 894.1 factors.
>
> In this matter, I do believe that the offender acted with deliberate cruelty in relation to his victim. I believe that there obviously was a great deal of violence that was committed during the commission of the crime. I think he may or may not have imposed his thoughts or will upon Mr. Bezet, creating threats as to violence to the victim.
>
> The permanent injury to the victim, obviously, comes into play here. A dangerous weapon was used in the commission of the crime. The defendant here has a multiple offense criminal history, and it's a very long thing, and that was provided to me by the Department of Probation and Parole. Those are the things that I've considered finding present in sentencing Mr. Bourgeois today.

Taking the above into consideration, the district court originally sentenced Bourgeois to 30 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, with a consecutive five-year hard labor

sentence for the firearm enhancement for armed robbery with a dangerous weapon (count 1); 10 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for carjacking (count 3); and, 15 years imprisonment without benefit of probation, parole or suspension of sentence for possession of a firearm by a convicted felon (count 4). The sentences were ordered to run concurrently with each other, except for the five-year enhancement on count 1. Following a multiple offender hearing, the trial court vacated and revoked the original sentences and resentenced Bourgeois pursuant to La. R.S. 15:529.1, as a third-felony offender on count 1 to 80 years at hard labor, with an additional five for the firearm enhancement; as a third-felony offender on count 3 to 25 years at hard labor; and as a second-felony offender on count 4 to 20 years at hard labor. These enhanced sentences were ordered to run concurrently with one another, except for the five-year firearm enhancement.

While Bourgeois generally objected to the imposition of the enhanced sentences, the record reflects that he did not file a motion to reconsider sentence. Failure to make or file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to review of the sentence for constitutional excessiveness only. *State v. Smith*, 16-406 (La. App. 5 Cir. 8/30/17), 227 So.3d 337, 363, *writs denied*, 17-1643 (La. 9/14/18), 252 So.3d 481, and 17-1660 (La. 9/14/18), 252 So.3d 482. This Court has held that when the specific grounds for objection to the sentences, including alleged noncompliance with La. C.Cr.P. art. 894.1, are not specifically raised in the trial court, then these issues are not included in the bare review for constitutional excessiveness, and the defendant is precluded from raising these issues on appeal. *State v. Clark*, 19-518 (La. App. 5 Cir. 6/24/20), 296 So.3d 1281, 1291, *writ denied*, 21-62 (La. 3/9/21), 312 So.3d 585. Here, the record shows that Bourgeois only orally objected to his enhanced sentences and did not specifically raise the issue of the trial judge's lack

of compliance with La. C.Cr.P. art. 894.1. Accordingly, Bourgeois is limited to appellate review of his sentences for constitutional excessiveness only.

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Article I, § 20 of the Louisiana Constitution also prohibits cruel and unusual punishment, but further, explicitly prohibits excessive punishment. *State v. Diaz*, 20-381 (La. App. 5 Cir. 11/17/21), 331 So.3d 500, 519, *writ denied*, 21-1967 (La. 4/5/22), 335 So.3d 836. A sentence is unconstitutionally excessive, even when it is within the applicable statutory range, "if it makes no measurable contribution to acceptable goals of punishment and is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime." *State v. Dixon*, 17-422 (La. App. 5 Cir. 3/14/18), 241 So.3d 514, 523, *writ denied*, 18-542 (La. 2/11/19), 263 So.3d 415. In reviewing a sentence for excessiveness, the appellate court must consider the punishment and crime in light of the harm done to society and gauge whether the penalty is disproportionate as to shock the court's sense of justice. *Id.* at 519; *State v. Lawson*, 04-334 (La. App. 5 Cir. 9/28/04), 885 So.2d 618, 622.

A district court judge, who is in the best position to consider the aggravating and mitigating circumstances of a particular case, has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent manifest error or an abuse of discretion. *See Diaz*, 331 So.3d at 519-20. The issue on appeal is whether the district court abused its discretion, not whether another sentence might have been more appropriate. *Id.* at 520; *State v. Dorsey*, 07-67 (La. App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The review of sentences under La. Const. art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case. *State v. Williams*, 07-1111 (La. 12/7/07), 969 So.2d 1251, 1252 (*per curiam*).

The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881,4(D); *State v. Pearson¸* 07-332 (La. App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a district court's sentencing discretion, the reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. *Id.* However, there is no requirement that specific matters be given any particular weight at sentencing. *Id.*

*Nature of the Crime*

Considering the first factor, the nature of the crime, the district court judge sat through a three-day trial wherein the testimony established that during the commission of this crime by Bourgeois, the victim, Alexis, was ordered to get out of his car, threatened at gun point, and when the gun jammed, Bourgeois hit him in the face, inflicting serious permanent injuries to Alexis's right eye. After beating Alexis, Bourgeois drove off in Alexis's vehicle, leaving him unconscious on the side of the road, with no vehicle and no money. Alexis required emergency medical treatment, and when his vehicle was returned to him, it was inoperable. Additionally, at his original sentencing, the district court judge provided numerous reasons for Bourgeois' sentencing: Bourgeois acted with "deliberate cruelty to his victim;" there was a "great deal of violence committed during the commission of the crime;" he "may or may not have imposed his thoughts or will upon Mr. Bezet;" "permanent injury;" and a "dangerous weapon was used in the commission of the crime."

Also, when considering the nature of the offenses, take into account that armed robbery and carjacking are enumerated as a crimes of violence under La. R.S. 14:2(B)(21) and La. R.S. 14:2(B)(28) respectively. *See also McKinney*, 289 So.3d at 167.

### *Nature and Background of the Offender*

The record establishes that Bourgeois was 35 years old at the time of sentencing. In imposing the sentences, the district court judge stated that Bourgeois has a "multiple offense criminal history, and it's a very long thing, and that was provided to me by the Department of Probation and Parole." Bourgeois' extensive criminal history dates back over fifteen years, and involves several crimes against the person and other armed robbery offenses.

### *Similar Crimes by this Court and other Courts*

"Although a comparison of sentences imposed for similar crimes may provide guidance, '[i]t is well settled that sentences must be individualized to the particular offender and to the particular offense committed.'" *State v. Boudreaux*, 11-1345 (La. App. 4 Cir. 7/25/12), 98 So.2d 881, 891, *writ denied*, 12-1907 (La. 11/9/12), 100 So.3d 841. While comparisons with other similar cases are useful in itself and sets the stage, the focus of sentence review remains on the character and propensities of the offender and the circumstances of the offense. *State v. LeBlanc*, 09-1355 (La. 7/6/10), 41 So.3d 1168, 1173.

Here, Bourgeois did not receive the maximum allowable sentence for any of the crimes for which he was convicted. As to count 1, armed robbery with a firearm, as a third felony offender,[2] Bourgeois was exposed to a sentencing range of not less than 49.5 years and not more than 198 years.[3] Bourgeois was sentenced

---

[2]     It is well settled that a "defendant should be sentenced in accord with the version of La. R.S. 15:529.1 [the multiple offender statute] in effect at the time of the commission of the charged offense." *State v. Parker*, 03-924 (La. 4/14/04), 871 So.2d 317, 326. Here, at the time of the underlying offense committed on May 6, 2018, La. R.S. 15:529.1(A)(3)(a) provided, in part, that "[i]f the third felony is such that upon a first conviction the offender would be punishable by an imprisonment for any term less than his natural life then … the person shall be sentence to imprisonment for a determinate term not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction."

[3]     This range does not include the enhanced five-year sentence authorized under La. R.S. 14:64.3, as the district court specified at sentencing that the firearm enhancement sentence would run consecutively to Bourgeois' 80-year enhanced sentence for armed robbery.

as a third felony offender to 80 years. Further, at the time Bourgeois committed the underlying offense,[4] La. R.S. 14:64.3 provided that when the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional five years without benefit of parole, probation, or suspension of sentence. Thus, as to count 1, Bourgeois was given a total enhanced sentence of 85 years at hard labor without benefit of parole, probation, or suspension of sentence.[5] This sentence is less than half of the possible maximum sentence and is, thus, well within the sentencing limitations prescribed in the statute.

This Court and others have previously upheld similar sentences for similar crimes. In *State v. Long*, 12-184 (La. App. 5 Cir. 12/11/12), 106 So.3d 1136, 1142, this Court upheld the defendant's multiple offender sentence as a third-felony offender for his conviction of armed robbery. Considering the defendant's extensive and continual criminal history, and the very serious nature of the offense, this Court found that the district court did not abuse its broad sentencing discretion in sentencing the defendant to 99 years as a third-felony offender, with an additional consecutive five years for the firearm enhancement, for a total of 104 years. Similarly, in *State v. Bruce*, 10-121 (La. App. 5 Cir. 11/9/10), 54 So.3d 87, 97, *writ denied*, 10-2756 (La. 4/29/11), 62 So.3d 109, this Court, citing similar cases, upheld the defendant's 100-year sentence as a second-felony offender after considering the defendant's extensive criminal history and propensity for felonious behavior and the fact that the defendant entered the victim's home at night, threatening the victim's life through the use of a knife. *Id*. at 97. In *State v. Armstrong*, 95-1665 (La. App. 3 Cir. 10/11/96), 683 So.2d 1261, 1264, *writ*

---

[4]    The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. *State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518, 520-22.

[5]    In *State v. King*, 06-1903 (La. 10/16/07), 969 So.2d 1228, 1232, the Louisiana Supreme Court held that the additional five-year sentence provided by La. R.S. 14:64.3 can be imposed when the defendant is sentenced pursuant to the multiple offender statute.

*denied*, 97-596 (La. 9/5/97), 700 So.2d 505, the appellate court upheld the defendant's 99-year sentence for armed robbery as a fourth-felony offender, after considering the defendant's prior robbery convictions, even though no injury to the victim was involved. Also, in *State v. Carter*, 570 So.2d 234, 235 (La. App. 5 Cir. 1990), this Court upheld the defendant's 99-year sentence as a third-felony offender for armed robbery of a pizza delivery man. The defendant was armed with a knife during the commission of the crime.

Bourgeois was also sentenced as third-felony offender on count 3, carjacking.[6] At the time of the offense, Bourgeois was subject to an enhanced sentencing range under La. 15:529.1 of not less than 10 years and not more than 40 years. For his carjacking conviction, the district court imposed an enhanced sentence of 25 years at hard labor without benefits, which is mid-range of the applicable sentencing limitations. In *State v. Williams*, 11-427 (La. App. 5 Cir. 2/28/12), 88 So.3d 1102, 1112-13, *writ denied*, 12-574 (La. 6/1/12), 90 So.3d 437, this Court upheld the district court's imposition of the maximum 40-year enhanced sentence upon the defendant as a third-felony offender, finding that it was not unconstitutionally excessive. Specifically, the record evidence in that case showed that the defendant got into the vehicle on top of the victim and struggled with her for control of the vehicle. In doing so, the defendant violently choked the victim by putting his hands around her neck and squeezing it, and then fell on the victim's daughter. This Court stated that the defendant's actions endangered the lives of the victim and her three children, he crashed the victim's vehicle into a light pole, fled the scene, and resisted arrest. Additionally, the evidence showed that the defendant had several prior convictions. *Id.*

---

[6]     At the time of the offense, La. R.S. 14:64.2 (carjacking) provided a penalty of imprisonment at hard labor for not less than two years and not more than 20 years, without benefit of parole, probation, or suspension of sentence. Bourgeois was originally sentenced to ten years at hard labor without benefits.

Bourgeois was also sentenced as a second-felony offender on count 4, possession of a firearm as a convicted felon. At the time of the offense,[7] as a second-felony offender, Bourgeois was exposed to a sentencing range of approximately 6.8 years to 40 years.[8] The district court imposed an enhanced sentence of 20 years, half of the maximum sentence prescribed by the statute. In *State v. Martin*, 17-1100 (La. App. 1 Cir. 2/27/18), 243 So.3d 56, *writ denied*, 18-0568 (La. 3/16/19), 266 So.3d 901, the appellate court upheld the defendant's 40-year enhanced sentence as a second-felony offender with an underlying conviction of possession of a firearm by a convicted felon (prior to the revision by 2017 La. Acts No. 281, § 1), noting that the defendant had prior convictions for drug-related felonies and simple burglary). In *State v. Brown*, 42,188 (La. App. 2 Cir. 9/26/07), 966 So.2d 727, 753-54, *writ denied*, 07-2199 (La. 4/18/08), 978 So.2d 347, the appellate court upheld the defendant's 30-year sentence as a second-felony offender within an underlying conviction for possession of a firearm by a convicted felon. The Court found that the sentence was not constitutionally excessive considering the defendant's extensive criminal history, which involved crimes of violence and narcotics related offenses. Similarly, in *State v. Dotie*, 43,819 (La. App. 2 Cir. 1/14/09), 1 So.3d 833, 840, *writ denied*, 09-310 (La. 11/6/09), 21 So.3d 297, the defendant was convicted of possession of a firearm by a convicted felon and later sentenced as a second-felony offender to 20 years at hard labor. (At that time, the sentencing range provided for a maximum of 30

---

[7] At the time of the offense, pursuant to La. R.S. 14:95.1, the penalty provision for a conviction of possession of a firearm by a convicted felon provided for a term of imprisonment at hard labor for not "less than five nor more than twenty years imprisonment" without benefit of probation, parole, or suspension of sentence, and a fine of "not less than one thousand nor more than five thousand dollars." La. R.S. 14:95.1(B). In not imposing the mandatory fine, the district court rendered an illegally lenient sentence; however, because Bourgeois' original sentence was vacated, this issue is moot.

[8] On May 6, 2018, the date of the charged offense, La. R.S. 15:529.1(A)(1) provided that "[i]f the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-third the longest term and not more than twice the longest term prescribed for a first conviction." Bourgeois was originally sentenced to 15 years at hard labor without benefits.

years.)  The appellate court determined that the district court did not abuse its discretion considering the defendant's criminal record, which revealed numerous instances involving violent crime, including convictions for felony-grade battery of a police officer.

Here, each of the enhanced sentences imposed, which are to run currently (except for the five-year enhancement sentence, which is to run consecutively to the 80-year enhanced sentence for armed robbery), are well below the statutory maximum sentences allowed for the crimes for which Bourgeois was convicted. The Louisiana Supreme Court has recognized that the crime of armed robbery "creates a great risk of emotional and physical harm." *State v. Celestine*, 12-241 (La. 7/2/12), 92 So.3d 335, 337 (*per curiam*).  Further, this Court has recognized armed robbery as a "serious offense against a person." *Bruce*, *supra*.  In the instant case, shortly after the victim, Alexis, agreed to give Bourgeois and Bezet a ride to a nearby hotel, they pointed a gun at him and demanded his money.  After a struggle with the gun, which jammed, Bourgeois hit Alexis in the face causing serious and permanent injury to his eye, and jumped on him causing injury to Alexis's body.  Bourgeois fled the scene in Alexis's vehicle with all of Alexis's money, and then left Alexis injured and unconscious on the side of the road. Bourgeois' actions endangering Alexis's life evidences a complete lack of regard for the safety of Alexis.

After considering the circumstances of this case, Bourgeois' extensive and continual criminal history, including numerous crimes against the person, and all other pertinent factors, we find that Bourgeois' enhanced sentences are not constitutionally excessive, as they are not disproportionate to the severity of his crimes.  Accordingly, we find the district court did not abuse its broad discretion in imposing the enhanced sentences upon Bourgeois.

**ERRORS PATENT REVIEW**

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975) and *State v. Welland*, 556 So.2d 176 (La. App. 5th Cir. 1990). The following errors were detected.

### *Multiple Bill Restrictions/Hard Labor*

Regarding counts 1 (armed robbery with a firearm), count 3 (carjacking), and count 4 (possession of a firearm by a convicted felon), the transcript reflects that the district court did not order the enhanced sentences to be served without benefit of parole, probation, or suspension of sentence as required by La. R.S. 15:529.1 (G) and the underlying statutes, La. R.S. 14:64, La. R.S. 14:63.3, La. R.S. 14:64.2, and La. R.S. 14:95.1. The multiple bill sentencing minute entry also does not reflect that the sentences were imposed without benefits. However, the multiple bill UCO does indicate the sentences were imposed without benefit of parole, probation, or suspension of sentence.

La. R.S. 15:529.1(G) states that any sentence imposed under the provisions of this section shall be at hard labor without benefit of probation or suspension of sentence. The restriction of parole eligibility imposed on multiple offender sentences under La. R.S. 15:529.1 are those called for in the referenced statute. *State v. Bruins*, 407 So.2d 685, 687 (La. 1981); *State v. Carter*, 17-148 (La. App. 5 Cir. 10/15/17), 230 So.3d 277, 284; *State v. Esteen*, 01-879 (La. App. 5 Cir. 5/15/02), 821 So.2d 60, 79 n.24, *writ denied*, 02-1540 (La. 12/13/02), 831 So.2d 983. Here, the underlying offense in the referenced statutes impose a restriction of benefits of parole, probation, or suspension of sentence. *See* La. R.S. 14:64, La. R.S. 14:63.3, La. R.S. 14:64.2, and La. R.S. 14:95.1. When a district court does not mention the restriction of benefits, such conditions are deemed to exist by operation of law under La. R.S. 15:301.1. *See State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790, 799. Therefore, no correction action is required.

Additionally, as to all three counts, the transcript reveals the district court did not state whether the enhanced sentences would be served at hard labor or in the Department of Corrections. Pursuant to La. R.S. 15:529.1(G), "[a]ny sentence imposed under the provisions of the Section shall be at hard labor without the benefit of probation or suspension of sentence." While the minute entry indicates that Bourgeois' enhanced sentence on count 1 was to be served in the Department of Corrections,[9] it does not indicate that the sentences would be served at hard labor in the Department of Corrections on counts 3 and 4. Generally, when there is a discrepancy between the minutes and the transcript, the transcript prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). The UCO indicates that all three of the sentences were imposed at hard labor.

La. C.Cr.P. art. 879 requires a court to impose a determinate sentence. If the applicable sentencing statute allows discretion, the failure to indicate whether the sentence is to be served at hard labor is an impermissible indeterminate sentence. *State v. Norman*, 05-794 (La. App. 5 Cir. 3/14/06), 926 So.2d 657, 661, *writ denied sub nom. ex rel. Norman v. State*, 06-1366 (La. 1/12/07), 948 So.2d 145. Bourgeois was sentenced as a second-felony offender on count 4, and as a third-felony offender on counts 1 and 3, which are sentences required by statute to be served at hard labor. *See* La. R.S. 15:529.1(G). Because La. R.S. 15:529.1 affords no discretion, we find that the district court's failure to state that the enhanced sentences were imposed at hard labor is harmless error, and the sentences are not impermissibly indeterminate sentences. *See State v. Holmes*, 12-351 (La. App. 5 Cir. 12/11/12), 106 So.3d 1076, 1084, *writ denied*, 13-86 (La. 6/14/13), 118 So.3d 1080.[10]

---

[9]     A sentence committing a prisoner to the Department of Corrections is necessarily at hard labor. *See Lawson*, *supra*.

[10]     In *Holmes*, *supra*, the UCO indicated the defendant was sentenced to life imprisonment at hard labor, but the transcript showed the trial judge failed to state the sentence was to be served at "hard labor." Because the defendant was sentenced as a fourth-felony offender under La. R.S. 15:529.1, which

Even though the multiple bill properly reflects that Bourgeois' enhanced sentences are to be served at hard labor and without benefit of parole, probation, or suspension of sentence, we remand the matter to the district court to correct the multiple bill sentencing minute entry to reflect that the entire enhanced sentences are to be served without benefit of parole, probation, or suspension of sentence. *See State v. Bardell*, 17-274 (La. App. 5 11/15/17), 232 So.3d 82, 89-90 (where this Court noted that while the statutory restriction of benefits is self-activating, it nonetheless remanded the matter for correction of the sentencing minute entry and the UCO to reflect the correct restriction of benefits).

### *Crime of Violence*

Our review of the record shows that the original and enhanced sentencing minute entries do not reflect that Bourgeois' convictions on count 1 (armed robbery with a firearm) and count 3 (carjacking) are crimes of violence. La C.Cr.P. art. 890.3 lists armed robbery, the firearm enhancement, and carjacking as crimes of violence, which shall always be designated as a crime of violence in the district court minutes. Therefore, we remand the matter to the district court to correct the minute entries to properly designate the convictions as crimes of violence as required. *State v. Thompson*, 18-273 (La. App. 5 Cir. 11/28/18), 259 So.3d 1257, 1273, *writ denied*, 18-2077 (La. 9/6/19), 278 So.3d 372 (during its errors patent review, this Court found the minute entry did not reflect that the defendant's conviction was designated as a crime of violence and, consequently, the matter was remanded to the district court for correction of the minute entry).

### *Post-Conviction Relief Advisal*

The original sentencing transcript reflects that the district court judge advised, "If he wants to file a petition for post-conviction relief, he has two years

---

does not afford the trial court discretion, the error was harmless, and the sentence was not an impermissible indeterminate sentence. *Holmes*, 106 So.3d at 1084.

after the sentence becomes final[.]" Also, the multiple bill sentencing transcript reveals the judge advised, "[W]e would obviously recognize 30 days to file a Motion to Appeal a Sentence and recognize the two year window for the Petition for Post Conviction Relief." This Court has previously held that the failure to advise a defendant that the prescriptive period runs from the time his conviction and sentence becomes final is incomplete. *State v. Hicks*, 16-462 (La. App. 5 Cir. 2/8/17), 213 So.3d 458, 469, *writ denied*, 17-445 (La. 11/13/17), 230 So.3d 205. It is well-settled that if a district court fails to advise, or provides an incomplete advisal, pursuant to La. C.Cr.P. art. 930.8, the appellate court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief by means of its opinion. *State v. Taylor*, 20-215 (La. App. 5 Cir. 4/28/21), 347 So.3d 1008, 1023. Accordingly, by way of this opinion, Bourgeois is advised that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of convictions and sentences become final under the provisions of La. C.Cr.P. arts. 914 or 922. *See Taylor*, *supra*.

### CONCLUSION

For the foregoing reasons, Mr. Bourgeois' enhanced sentences are affirmed. The matter is remanded to the district court with instructions to correct the multiple bill sentencing minute entry to accurately reflect that Bourgeois' entire enhanced sentences are to be served without benefit of parole, probation, or suspension of sentence, and to properly designate Bourgeois' convictions on counts 1 and 3 as crimes of violence.

**AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 26, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-KA-418**

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
HENRI P. DUFRESNE (APPELLEE)       HONORABLE BRIDGET A. DINVAUT       ORENTHAL J. JASMIN (APPELLEE)
BERTHA M. HILLMAN (APPELLANT)      (APPELLEE)

**MAILED**
JENNIFER C. CAMERON (APPELLANT)    JACOB G. LONGMAN (APPELLANT)
ATTORNEY AT LAW                    KATHRYN J. BURKE (APPELLANT)
830 MAIN STREET                    ATTORNEY AT LAW
2ND FLOOR                          830 MAIN STREET
BATON ROUGE, LA 70802              BATON ROUGE, LA 70802